Madara *v.* Pottsville Iron & Steel Co., Appellant.

160    109!
f221    76

*Negligence—Master and servant—Safe appliances—Contributory negligence—Risk of employment—Proximate cause.*

In an action by a father to recover damages for the death of a minor son, it is proper to submit the case to the jury where there is evidence that the boy was killed while working on a dangerously narrow platform, and that his father had complained to the superintendent of the danger, and had only refrained from removing his son by the promise of the superintendent that another workman should be substituted in the boy's place.

Argued Feb. 13, 1894. Appeal, No. 249, Jan. T., 1894, by defendant, from judgment of C. P. Schuylkill Co., March T., 1891, No. 193, on verdict for plaintiff, Nicholas C. Madara. Before Sterrett, C. J., Green, Williams, Mitchell and Fell, JJ. Affirmed.

Trespass for death of plaintiff's minor son.

At the trial, before Weidman, J., it appeared that, on Jan 7, 1891, plaintiff's son, aged eighteen, was fatally injured while working in defendant's mill on a dangerously narrow platform. The platform was part of a tramway used to support coal ashes. The tramway consisted of two endless moving wire ropes to which iron buckets were fastened. It was the duty of the deceased to stand on the platform, disconnect the bucket, and push it around a curve, and regrip it to the rope which would carry it on. The evidence tended to show that the platform was dangerous because of the absence of guard rails, etc.

Deceased was found on the ground with gearing on him.

The court charged in part as follows:

" [An employee who works around machinery must necessarily assume the ordinary risks of the business. As there is no proof of any defect in this running gear, and in the absence of proof that there was any defect in the material or construction of that gearing, if you were to find that they were negligent in that respect, you would have to do it without proof, and that we think the law would not warrant. Therefore we say to you that this question of negligence narrows itself down to the question of the platform.] [1]

" [First. Was the platform too narrow for ordinary safety?

Second. Was the fact that it was too narrow the proximate cause of the death of Jacob Madara? On the subject as to whether it was too narrow you have the evidence that the father complained that it was dangerous; you have the descriptions of a number of witnesses, and their opinions that it was dangerous. You have the testimony that it has been widened since that time, and that a man has worked on that platform for a year since. All these facts, without repeating them, are for your consideration on the question as to whether it was dangerous or whether it was not. We do not say that it was dangerous. That is a question for the jury to determine under the facts in this case. Besides it is not enough for you to determine that it was dangerous and then say that the Pottsville Iron & Steel Co. are liable, but you must be convinced, by the evidence, that the fact that that platform was too narrow was the reason why Jacob Madara met his death, because by your verdict finding damages against the Pottsville Iron & Steel Co. you would be saying that the platform was too narrow, and that caused the death of Jacob Madara. That is what you must find in order to find a verdict in this case.] [2]

" [If you conclude, in the first place, that it is true that Skidmore induced the young man to stay there until he would get another man, and in considering that, you must not only consider the testimony of the witnesses, their opinions and descriptions of the place, but you must consider also the fact that the place has been in operation for a number of years, and what has occurred as a result of the platform; and if you should consider that the platform was too narrow, that making it too narrow was a negligent act on the part of the Pottsville Iron & Steel Co. Then if you should conclude that this death was occasioned by the narrowness of this platform and the negligence, it would be your duty to find for the plaintiff.] " [3]

Plaintiff's point was as follows:

" 1. If the jury find the defendant company guilty of negligence, then Madara, plaintiff, would be entitled to recover, not only the amount his boy could have earned up to his arriving at the age of twenty-one years, but also for the time lost by plaintiff by reason of the accident, as well as funeral expenses to which he was put by reason of the accident. *Answer:* If the jury believe that the platform where the deceased worked

was dangerous, and the father of the deceased (the son taking no part in the decision) had complained to George Skidmore, his boss, who was in charge of the work and machinery, of the danger, and was induced to remain temporarily at his employment by the promise of said Skidmore that he would get a man and take him (the deceased) right down, and the deceased then met his death within twenty minutes ; then if the jury believe that, though there was no visible defect in the machinery or structure, other than that the platform was too narrow to be safe, and that this defect occasioned the death of the plaintiff's son, then the plaintiff would be entitled to recover the amount measured by the evidence in the case, which the deceased would probably have earned up to the time of arriving at the age of twenty-one years, less the cost of maintenance.   He cannot recover in this case for funeral expenses, because there is no proof that they were incurred or paid by the father, and for his own loss of time he can only recover loss of time actually proved.] " [4]

Defendant's points were among others as follows :

" 2. If there be any negligence on the part of the defendant its liability arises from the alleged dangerous condition of the platform, by reason of a part of it being too narrow ; but even if it were dangerous, its danger was apparent, not hid, open, not latent, was visible to the eye and sense of plaintiff's son, and having continued to work thereon for over two months with full knowledge of its dangerous character, and is killed from unknown causes, plaintiff cannot recover.  *Answer :* If the death of the plaintiff's son was brought about by unknown causes, there can be no recovery, for the reason that the right of recovery in this case rests upon the negligence of the defendant, which must be proved.   Otherwise the rule of law is correctly stated in this point, except that if the jury believe that the platform where the deceased worked was, dangerous, and the father of the deceased had complained to George Skidmore, his boss, who was in charge of the work and machinery, of this danger, and was induced then to remain temporarily at his employment by the promise of said Skidmore that he would get a man and take him, the deceased, right down and was then killed within twenty minutes,  then  if the jury believe that though there was no visible defect in the machinery or structure, other

than that the platform was too narrow to be safe, and that this defect caused the death of the plaintiff's son, then the plaintiff would be entitled to recover.] " [5]

9. Request for binding instructions.   Refused. [6]

Verdict and judgment for plaintiff for $459.

*Errors assigned* were (1–6) instructions, quoting them.

*George M. Roads*, for appellant, cited : R. R. v. Schertle, 97 Pa. 455 ; Reese v. Clark, 146 Pa. 465 ; Ford v. Anderson, 139 Pa. 261 ; R. R. v. Hughes, 119 Pa. 301 ; Ash v. Verlenden, 154 Pa. 246 ; R. R. v. Huber, 128 Pa. 63 ; Lehigh Coal Co. v. Hayes, 128 Pa. 307 ; Allegheny v. Zimmerman, 95 Pa. 287 ; Borough of Easton v. Neff, 102 Pa. 474 ; Fairbanks v. Kerr, 70 Pa. 86 ; Mack v. Pass. Ry., 8 Pa. C. C. R. 305 ; Pass. Ry. v. Trich, 117 Pa. 390 ; Hoag v. R. R., 85 Pa. 293 ; West Mahanoy v. Watson, 112 Pa. 574 ; Ry. v. Taylor, 104 Pa. 303 ; Russell v. Hutchinson, 15 W. N. 482 ; Mansfield Co. v. Mc-Enery, 91 Pa. 195 ; Wharton, Neg. § 221 ; Snow v. Housatonic R. R., 8 Allen, 411 ; Greenleaf v. Dubuque Co., 33 Iowa, 52 ; Kroy v. Chicago etc. R. R., 32 Iowa, 357.

*W. J. Whitehouse*, for appellee, cited : Patterson v. Pittsburg & Connellsville R. R., 76 Pa. 393 ; Clarke v. Holmes, 7 H. & N. 937 ; Caldwell v. Brown, 53 Pa. 453 ; Frazier v. P. R. R., 38 Pa. 104.

Per Curiam, February 26, 1894 :

This case involves questions of fact which were necessarily for the consideration of the jury, and they were fairly submitted to them by the learned trial judge in a clear and able charge, which appears to be free from any error of which the defendant has any reason to complain.   The jury must have found that the deceased sustained the fatal injury in consequence of the negligence of defendant company, and that neither he nor his father was guilty of any negligence that contributed thereto.   The testimony was quite sufficient to warrant them in so finding.   There is nothing in either of the specifications of error that requires special notice.

Judgment affirmed.