## BURNS v. WINDFALL MANUFACTURING COMPANY.

[No. 17,816.   Filed November 24, 1896.]

MASTER AND SERVANT.—*Defective Machinery.—Complaint.*—In an action by an employe against his employer for personal injuries caused by defective machinery, a complaint alleging a knowledge both on the part of the employe and employer as to the defect, and a promise on the part of the employer to remedy the same, is not sufficient to withstand a demurrer unless it is further alleged that after the knowledge and promise on the part of the employer, a reasonable time had intervened before the accident for the employer to have remedied the defect.

From the Tipton Circuit Court. *Affirmed.*

*L. B. Nash,* for appellant.

*Dean & Dean,* and *Beauchamp & Mount,* for appellee.

HACKNEY, J.—The question in this case is the sufficiency of a paragraph of complaint by the appellant

against the appellee. It was alleged that the appellant was employed in hauling clay from a pit into appellee's tile mill by means of cars pulled up an inclined railway, in which employment he was required to ride upon such cars; that while returning to the pit, on the occasion in question, the car in which he was riding struck a point where the ends of two of the rails of said way reared up and overlapped, causing said car to stop suddenly, thereby precipitating the appellant to the ground and inflicting the injuries complained of. It was alleged that the condition of the track was known to the appellee, and was negligently and carelessly permitted so to remain. It was alleged, also, that the appellant was free from fault or contributory negligence.

The following allegation supplies the principal point of contention upon the pleading: "The plaintiff, at the time of said injury, was aware of the defective condition of said track, and had been for several days prior thereto (the exact time plaintiff being unable to state), but because of a promise made by defendant to repair said defects, plaintiff remained in defendant's service, and, relying upon said promise, being led to believe that said repairs would be made at the earliest possible convenience, and but for such promise and understanding, plaintiff would not have remained in defendant's employ, and plaintiff would aver that the condition of said track was not so dangerous that a man of ordinary prudence would have refused to assume the risk."

The appellant relies upon the following proposition and authorities: "A servant who learns of defects in machinery about which he is employed, and gives notice thereof, but is induced to remain in the service by a promise of the master to remedy the defect, may recover for an injury caused thereby, where it oc-

curs within such time after the promise as would be reasonably allowed for its performance, and where it is not so imminently dangerous that a man of ordinary prudence would refuse to work about it." *Indianapolis, etc., R. W. Co.* v. *Watson*, 114 Ind. 20; *Rothenberger* v. *Northwestern, etc., Co.* 57 Minn. 461, 59 N. W. 531; *Schlitz* v. *Pabst, etc., Co.* 57 Minn. 303, 59 N. W. 188; *Graham* v. *Newburg, etc., Co.*, 38 W. Va. 273, s. c. 18 S. E. 584; *Chicago, etc., Co.* v. *VanDam*, 149 Ill. 337, s. c. 36 N. E. 1024; *Madra* v. *Pottsville, etc., Co.*, 160 Pa. St. 109, 28 Atl. 639; Am. and Eng. Ency. of Law, Vol. 4, pp. 34, 64.

Counsel for the appellee insist that the exception to the rule that the servant assumes the hazards incident to such defects as he has knowledge of does not prevail, even where the master agrees to make timely repairs, if the servant, while continuing in the use of the defective appliance, has plainly before his view the yet unrepaired defects. In other words, that the exception prevails where the defect, which is promised to be repaired, is latent, and does not prevail where such defect is patent. In support of this position counsel cite the statement of Wharton that "The only ground on which the exception before us can be justified is, that in the ordinary course of events the employe, supposing the employer has righted matters, goes on with his work without noticing the continuance of the defect. But this reasoning does not apply, as we have seen, to cases where the employe sees that the defect has not been remedied, and yet intelligently and deliberately continues to expose himself to it." Wharton's Negligence (2d ed.), section 220.

The case of *Graham* v. *Newburg, etc., Co., supra.*, is cited, and the exception is there stated as follows: "An employe, knowing of defects in machinery, appliances, or his working place, is not precluded, by

continuing in the service, from recovering damages for injuries by reason of such defects, where he is lulled into a sense of security by the words, acts, or conduct of his employer, and the danger is not so plain and obvious that a prudent, careful man, anxious for his safety, ought not to risk it."

We need not pursue the inquiry as to whether the exception has its support in the reason that the servant, relying upon the master's promise, may presume that the defect has been cured, although we know of no better reason for it, or whether that reason is consistent with the statement of the exception that it obtains where the injury occurs "within such time after the promise as would be reasonably allowed for its performance." The complaint, in this case, did not, in our opinion, allege facts sufficient to support a recovery upon any recognized statement of the rule and the exception. By it we are advised that the appellant was aware of the defect for several days before the injury, but we are not advised that the appellee had notice of it and had promised to repair it for a time within which the repair could reasonably have been made. There is an entire absence of allegation as to the time appellee had known the defect or had promised to repair it. It may have been during all of the time that the appellant knew of it, or it may have been at the moment the car was started down the track to the pit, and when repair was impossible before the car went upon it.

When knowledge was admitted the burden rested upon the appellant to bring the case within the exception.

The defect in the track must have been open and a knowledge of it unavoidable each time the car passed over it. No change in its condition, from the appellant's first knowledge of it, is alleged; no negligence in

running the car is alleged, and, upon the facts pleaded, it is a reasonable presumption that each time the car went upon it the concussion was considerable.

In the most favorable view for the appellant, of the conflicting theories of the parties, the case would turn upon the presence of allegations disclosing that the appellant had not continued in the use of the defective track, after a knowledge of its condition, for such time that the appellee, having promised to repair it, might reasonably have been presumed, by the appellant, to have made or abandoned such repairs.

The pleading supplied no facts for the application of the presumptions, either that appellant had continued to use the track after the appellee's promise to repair had been delayed an unreasonable time, or that the appellee had had any reasonable time, after the promise, in which to make the repairs.

Finding the complaint insufficient, the court did not err in sustaining the demurrer thereto.

Judgment affirmed.