AUGUST LYBERG *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

. June 22, 1888.

**Master and Servant—Promise to discharge Incompetent Fellow-Servant—Negligence—Question for Jury.**—A servant who has been promised by the master that an incompetent and unsafe fellow-servant shall be removed, may remain for a time in the service, without being conclusively chargeable, as a matter of law, with contributory negligence, even though, without such promise, he would have been so chargeable. So considered as to a blacksmith (plaintiff) in the employ of the defendant with an incompetent assistant; and that the question of the plaintiff's negligence was proper for the jury.

Appeal by defendant from an order of the district court for Hennepin county, *Hicks, J.,* presiding, refusing a new trial.

*John C. Bullitt, Jr.,* for appellant.

*James O. Pierce* and *Arctander & Arctander,* for respondent.

DICKINSON, J. The plaintiff was engaged in the service of the defendant in its shops as a blacksmith. In April, one Allen was assigned by the defendant as an assistant or "helper," to work with the plaintiff. In this position it was Allen's duty, among other things, to use a sledge while assisting the plaintiff in his work at the anvil. Allen was found to be incompetent, and for that reason an unsafe fellow-laborer, and the plaintiff gave notice of this to the foreman having general charge of this department, soon after which Allen was removed, and another assistant was put in his place. On the 4th day of May, Allen was again set to work as the plaintiff's helper. On the 6th day of May, as the evidence tended to show, the plaintiff again made complaint to the defendant of this man's incompetency, expressed his fear to work with him, and threatened to leave the service if another helper should not be assigned to him. The foreman then, as was testified, promised to give him another helper, no time when he would do so being designated. No change was made prior to the tenth of that month, when the injury complained of occurred. The plaintiff was then at work upon a piece of hot iron on his anvil, and holding a cold-chisel for the purpose of cutting the iron. Allen, in striking the cold-chisel with his sledge, brought it down upon the

edge of the chisel so that the sledge then turned, and struck the sharp edge of the anvil, breaking particles from the latter, which were driven forcibly into the plaintiff's eye, seriously injuring it. The plaintiff's recovery in this action rests upon the incompetency of Allen for such service, and the defendant's knowledge of that fact. On this appeal nothing is urged in opposition to these grounds of recovery; but the defendant relies upon the proposition that, as shown by the plaintiff's testimony and without contradiction, the danger of working with so unskilful a fellow-servant was well known to the plaintiff, and that in remaining in the employment he was himself conclusively chargeable with contributory negligence, so that the verdict of the jury, to whom this matter was submitted, cannot stand. The question is thus presented for our determination whether the danger to be apprehended from continuing to work with Allen was so imminent, and so manifest to the plaintiff, that the court should have declared, without taking the opinion of the jury, that it was opposed to the dictates of ordinary prudence for the plaintiff, under the circumstances, and having in view this promise of the defendant, to have remained in the defendant's service from the 6th until the morning of the 10th of the month.

The decisions of this and of other courts recognize a promise of a master to remove or to remedy that which is a known source of danger to his servant as a consideration which may make a case one for a jury, when otherwise it would be for the court to declare that the servant had been chargeable with contributory negligence, or that he had voluntarily assumed the risks of the situation. *Greene* v. *Minn. & St. Louis Ry. Co.*, 31 Minn. 248, (17 N. W. Rep. 378,) and cases cited. It is unnecessary to consider under what conditions, if at all, such a promise might conclusively charge the master with responsibility to the servant, so as to exclude from consideration the question whether it was contributory negligence for the latter to remain in the service. It is enough for the decision of this appeal if this case justified a finding by the jury that the plaintiff's conduct was such as might be expected from men of reasonable prudence under like circumstances. The promise of the defendant did not designate any time when another man would be put in Allen's place. The plain-

tiff might reasonably infer, under the circumstances which we have stated, that this was to be done at once, or as soon as could be; and such an inference might naturally influence his conduct in the matter in question. He testified that he "expected every minute to get a better helper." This promise and expectation of speedy fulfilment have a bearing, with other circumstances, upon the question of fact whether to remain, as the plaintiff did, was negligence. Reasonably prudent men may expose themselves, for a brief period of time, to possible risks, not of the gravest kind, when they would refuse to do so continuously. The probability of suffering injury is measured in some degree by the length of the period of exposure. One may be especially watchful to avoid danger for a time, while the same degree of watchfulness would not be so likely to be exercised continuously. Whether the plaintiff had reason to apprehend serious injury from continuing to work with Allen for a short time, until the latter should be relieved, is not so clear as to be free from doubt. It is true that the plaintiff testified: "I was afraid of him. Every blow he struck I was afraid. I have to look out for him. I was afraid he should hurt me at any time." And he states that he told the foreman that he was afraid Allen would hurt or kill him. He does not, however, testify that he had any such fear of being killed. It should be added that whatever danger was to be apprehended was from the man's unfitness for this work, and not from any evil intent on his part. This testimony, although undisputed, should be considered in connection with the general nature of the employment, the nature and extent of the danger necessarily and generally incident to it when carried on in company with an incompetent subordinate, as well as the particular nature of the work being done during the period in question, and the manner in which it was necessary to conduct it, and the opportunities which the plaintiff's position presented for self-protection during a brief period by watchfulness, or by so ordering the employment of his assistant as to lessen the risk from his want of skill. Very little is disclosed by the evidence concerning these circumstances under which the plaintiff continued to labor; and it will be kept in mind that the principle of contributory negligence, relied upon by the appellant, is not available to affect the result of the case, unless it af-

firmatively and conclusively appears that the plaintiff's conduct was not consistent with reasonable prudence.

From these considerations we conclude that the verdict of the jury, exonerating the plaintiff from the charge of negligence, should be sustained.   The order refusing a new trial is therefore affirmed.

NOTE.   A motion for reargument of this case was denied August 15, 1888.