GEORGE ROTHENBERGER *vs.* NORTHWESTERN CONSOLIDATED MILLING CO.

Submitted on briefs May 9, 1894. Affirmed June 12, 1894.

No. 8640.

'Servant injured by defective machinery after notice of defect given master.

When a servant who has knowledge of defects in the instrumentalities furnished for his use, or in machinery about which he is employed, is induced to remain in the service by reason of a promise made by the master that the defects shall be repaired or remedied,—the instrumentality or machinery not being so imminently and immediately dangerous that a man of ordinary prudence would have refused to longer use or work about it,—the servant may recover for an injury caused thereby within such a period of time after the promise as would be reasonably allowed for its performance, or within any period which would not preclude all reasonable expectation that the promise might be kept.

.A reasonable time in which to repair is a question of fact for the jury.

*Held*, in the case at bar, that, upon the evidence, it was for the jury to determine whether a reasonable time had elapsed after the alleged promise, and before plaintiff suffered the injury.

·Notice to master of the defect—sufficiency of the statement.

When complaining of defective instrumentalities or machinery to the master, it is not necessary that the servant shall state in exact words that he apprehends danger to himself by reason of the defects, nor need there be a formal notification that he will leave the service unless the defects be repaired or remedied. It is sufficient if, from the circumstances and the conversation, it can be fairly inferred that the servant is complaining on his own account, and that he was induced to continue in the service by reason of the promise.

Appeal by defendant, the Northwestern Consolidated Milling ·Company, a corporation, from an order of the District Court of Hennepin County, *Thomas Canty*, J., made December 2, 1893, deny-.ing its motion for a new trial.

The plaintiff, George Rothenberger, was employed to dust the machines and sweep one of the floors in defendant's flouring mill .at Minneapolis. He commenced work in January, 1892. On this

floor defendant operated a large number of machines known as centrifugal reels enclosed in wooden casings. As a part of each machine there was a shaft projecting through the casing and on it outside was a wheel with cogs fitting into another cog wheel turning with great velocity. These outside wheels were not covered or guarded and plaintiff in April spoke to the foreman about them and the danger, and he promised to cover them, and plaintiff relied on the promise. They were not covered however and on May 6, 1892, the fingers on plaintiff's right hand were caught between these two cog wheels on one of the machines and injured so that three of them were amputated. He brought this action and had a verdict for $500. Defendant moved for a new trial. Being denied it appeals.

*Keith, Evans, Thompson & Fairchild,* for appellant.

Omitting to fence or guard gearing of this kind is not negligence. The leading case establishing this doctrine is that of *Sullivan* v. *India Mfg. Co.,* 113 Mass. 396. *Sanborn* v. *Atchison, T. & S. F. R. Co.,* 35 Kan. 292; *Schroeder* v. *Michigan Car Co.,* 56 Mich. 132; *Townsend* v. *Langles,* 41 Fed. Rep. 919; *Craver* v. *Christian,* 36 Minn. 413; *Barbo* v. *Bassett,* 35 Minn. 485; *Carroll* v. *Williston,* 44 Minn. 287.

These cases also hold that the plaintiff in such case voluntarily assumes the risk incident to the employment and, having done so, cannot recover. *Bergen* v. *St. Paul, M. & M. Ry. Co.,* 39 Minn. 78.

The plaintiff did not bring himself within the exception to the rule by the talk he says he had with the foreman Krum; and, if it should be held that he did, then his own testimony shows conclusively that he waited for more than a reasonable time between the conversation and the accident, for the repairs to be made, and hence must be held to have again assumed the risk. *Lewis* v. *New York & N. E. R. Co.,* 153 Mass. 73; *Stephenson* v. *Duncan,* 73 Wis. 404.

*Rea, Hubachek & Healy,* for respondent.

If plaintiff gave notice of the defect in the machinery and the master promised to remedy it and plaintiff thereupon continued at

work a reasonable time and was injured, he can recover because the law implies a contract upon the part of the employer, that if the servant continues in the employ in the meantime and until the defects are remedied, the employer and not the servant will assume the risks. *Greene* v. *Minneapolis & St. L. Ry. Co.,* 31 Minn. 248; *Lyberg* v. *Northern Pac. Ry. Co.,* 39 Minn. 15.

COLLINS, J. It is well settled in this state, as it is elsewhere, that if a servant who has knowledge of defects in the instrumentalities furnished for his use, or in machinery about which he is employed, gives notice thereof to the master, who thereupon promises that the defects shall be remedied, the servant may recover for an injury caused thereby, at least where the master requested or induced the servant to continue in the service, and the injury occurred within the time at which the defects were promised to be remedied, and where the instrumentality or machinery was not so imminently and immediately dangerous that a man of ordinary prudence would have refused longer to use or work about it. Under such circumstances the risk attendant upon the use of instrumentalities or machinery known by the servant to be dangerously defective is shifted upon the master, he assuming the risk previously borne by the servant.

But it is urged in behalf of defendant that, upon the proofs adduced on the trial of this case, plaintiff utterly failed to bring himself within the rule as to the assumption of risk by the master. It is true that plaintiff, when complaining of the gearing into which his hand was afterwards drawn, did not notify defendant's head millwright or foreman that, unless coverings were put upon the exposed and dangerous parts, he should quit defendant's employ, nor did he say, in so many words, that he apprehended danger to himself, but positive assertions and statements of this character are not absolutely necessary. According to the best-considered cases, the real question to be determined is whether, under all the circumstances, as they appear in each case, the master had a right to believe, and did believe, that the servant intended to waive his objection to the defect of which he has complained. This is a question of fact, not of law, and consequently for the jury, at least if not entirely free from doubt.

There can be no question that, when a master has expressly promised to repair or remedy a defect, the servant can recover for an injury caused thereby within such a period of time after the promise as would be reasonably allowed for its performance, or within any period which would not preclude all reasonable expectation that the promise might be kept. *Hough* v. *Railway Co.*, 100 U. S. 213; 1 Shear. & R. Neg. § 215, and cases cited. It is clear from the evidence that plaintiff referred to the danger apprehended by himself when he complained of the exposed parts of the gearing, and requested that they should be covered. So far as we are informed by the record, no other workman or person was liable to an injury from this defect. He had been put at work sweeping and dusting about the machines, and this work frequently brought him in close contact with the machinery about which the conversation was had. The millwright or foreman to whom the complaint was made, if made at all, must have understood that plaintiff had his own welfare and safety in mind, and not that of other people. In this respect the case is vastly different from that of *Lewis* v. *New-York & N. E. R. Co.*, 153 Mass. 73, (26 N. E. 431,) relied upon by counsel. The testimony in that case compelled the court to believe that plaintiff, Lewis, acted in the interest of the defendant corporation, and not with reference to his own safety, when he notified the superintendent of the rotten condition of the flooring of the bridge pier, which pier was open to, and liable to be visited by, strangers. Certainly, in the case at bar, it was for the jury to determine from the evidence whether the plaintiff made complaint in his own behalf, and for his own protection; and the conclusion is almost irresistible that he did, and that the millwright must have so understood it. And from the circumstances under which the complaint was made, and the conversation which ensued between plaintiff and the millwright, it was for the jury to say whether the former remained at work because of the alleged promise to box the gearing,—was induced to stay because it was stated that the defect should be remedied. It could fairly be inferred from what was said and done that he was induced to remain because of the promise.

The plaintiff testified that the promise was made a week or ten days prior to the accident. He also admitted that there had been

plenty of time within which the boxes or coverings could have been made, and put in place, before he' was injured. In fact, he conceded that the work could have been done in two days, with all of the millwright force available for the purpose. But we do not think that it could have been expected that all of the mill-wrights in defendant's employ should be put at this work immediately upon the making of the promise, or that all other work of that character about the mill, which was a very large one, should have been promptly suspended, that the gearing might be covered at once. The question of whether the injury had been received within a reasonable period of time after the promise was said to have been made, or whether it had been suffered within a period which would not preclude all reasonable expectation that the promise might be kept, was clearly submitted to the jury; and obviously the testimony on this was such that we would not be justified in saying, as a matter of law, that a reasonable time had elapsed and expired, and that, therefore, plaintiff had waived his objection, and again assumed the risk. See *Lyberg* v. *Northern Pacific R. Co.,* 39 Minn. 15, (38 N. W. 632.) Order affirmed.

BUCK, J., absent, sick, and CANTY, J., who, as district judge, tried the cause below, did not sit.

(Opinion published 59 N. W. 531.)