GEORGE HARRIS v. WILLIAM H. HEWITT, Receiver.[1]

January 31, 1896.

Nos. 9807—(328).

**Injury to Servant—Knowledge of Defective Machinery—Promise to Repair—Contributory Negligence.**

The case of Greene v. Minneapolis & St. L. R. Co., 31 Minn. 248, followed, to the effect that where a servant has knowledge of the defective instrumentality furnished for his use by the employer, and gives him notice thereof, who promises that it shall be remedied, but neglects to do so, and induces the servant to remain in his employ, and who is subsequently injured by reason of such defect within the time fixed when such defect was to be remedied or within which time it might reasonably be remedied, the employer is liable if the instrumentality was not so imminently and immediately dangerous that a man of ordinary prudence would have refused to longer use it, and that the question of contributory negligence by reason of such use by the servant after such notice and promise to repair is not one of law, but of fact, to be settled by the jury.

Action in the district court for Washington county, Williston, J. The jury rendered a verdict in favor of plaintiff for $3,000. The court made an order granting a motion for a new trial, unless plaintiff consented to a reduction of the verdict to $1,200, and, in case of such consent, denying the motion. Plaintiff consented, and from the order denying his motion defendant appealed. Affirmed.

*J. C. Nethaway*, for appellant.

*A. E. Doe*, for respondent.

BUCK, J.  This action is brought by the plaintiff to recover damages which he alleged he sustained by reason of the negligence of the defendant, who is the receiver of what is known as the Stillwater Street-Railway Company.

The defendant was operating the railway, and had control of the tracks upon which the cars of the company were run. During such time the plaintiff, while in the defendant's employ as a motorman, was injured by reason of a defect in the defendant's railway track. The particular defect consisted of a piece of rail about 18 inches

[1] Reported in 65 N. W. 1085.

long, which was broken off from a larger rail at the commencement of a curve in the track, and was held in place by a couple of spikes with heads broken off. It was used in this condition by the defendant in running its cars over it, when on one Saturday, in the forenoon, its condition was discovered by this plaintiff, who notified the defendant's track man or track repairer, who promised to go and look at it. This track man testified that on Friday or Saturday before the accident he had a conversation with the defendant, and told him that the curve was getting in a bad condition; that the rails were breaking; and that he had a short piece in. Plaintiff also, on the morning of the Saturday referred to, notified the defendant of this broken rail, and he said to the plaintiff that he should see the track man, and plaintiff answered that he had already seen him, and defendant replied that he would see him also. Plaintiff remained in defendant's employ relying upon the defendant's promise to see the track man, and supposed that the track would be repaired. Whenever plaintiff notified defendant of defects, he generally notified the track man, who would repair the defective place. Plaintiff believed it to be dangerous to run a car over the broken rail, and only continued to run it upon the belief that defendant would repair it.

On Sunday,—the next day after plaintiff had given such notice to defendant that the rail was broken,—and while plaintiff was operating defendant's car over this defective track, the broken rail slipped from its place, and threw the car off from the track, and plaintiff was thereby injured. It appears that cars were operated over this broken rail up to the time of plaintiff's injury, and that plaintiff, when operating the car, and running near to the broken rail, discovered that it had not been replaced. While plaintiff was afraid he might get hurt by running his car over the defective track, yet to do so did not appear to be so immediately and imminently dangerous that a man of ordinary prudence would have longer refused to use it. This use of the defective instrumentality, under all of the circumstances, cannot necessarily be said as a matter of law to make the plaintiff guilty of contributory negligence. Greene v. Minneapolis & St. L. R. Co., 31 Minn. 248, 17 N. W. 378. The law applicable to the facts appearing in this case is so well settled by the foregoing decision and that of Rothenberger v. Northwestern

Consol. M. Co., 57 Minn. 461, 59 N. W. 531, that we do not deem it necessary or profitable to discuss it.

It is suggested by the defendant's counsel that there was not sufficient time between the time when defendant had notice of the defect and the time of the injury to plaintiff to repair the track. That was not a sufficient excuse for defendant's operating its cars over a defective track, thus putting in peril the lives of his employés, and that of persons traveling upon his road. If the defendant could not get a new rail cast at once, or put in some safe temporary instrumentality over which to run his cars, he could have discontinued running them over a defective track. Continuing to operate his cars, and inducing plaintiff to remain in his employment by an implied, if not an absolute, promise to repair, and a resulting injury to plaintiff by reason of not doing so, constituted actionable negligence.

But it is contended that the plaintiff was guilty of contributory negligence in the manner in which he operated the car over the broken road,—that he had a full head of electricity turned on, and that the brakes were set; all of which had a tendency to throw the car from the track, whereby the plaintiff was injured. Upon the question of whether the plaintiff operated the car over the defective track at the time of the injury in a careful, skillful, and proper manner there was a sharp conflict of evidence. This question was not one of law, but of fact, and was settled by the verdict of the jury. Leonard v. Minneapolis, St. P. & S. Ste. M. R. Co., 63 Minn. 489, 65 N. W. 1084.

The order denying defendant's motion for a new trial is affirmed.