HENRY O. LAMSON *vs.* AMERICAN AXE AND TOOL COMPANY.

Worcester.     October 2, 1900. — November 26, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Personal Injuries — Assumption of Risk.*

At the trial of an action for personal injuries caused by the fall of a hatchet from a rack in front of which it was the plaintiff's business to work at painting hatchets, and upon which the hatchets were to be placed to dry when painted, it appeared that the plaintiff had been in the defendant's employ for many years ; that about a year before the accident new racks had been substituted for those previously in use, and were dangerous in that the hatchets were liable to fall from the pegs upon the plaintiff when the racks were jarred by the motion of machinery near by ; that the plaintiff complained to the superintendent of the danger, and that he was answered in substance that he would have to use the racks or leave. *Held,* that the plaintiff assumed the risk.

An employee may take the risk of an obvious danger, although the fear of losing his place is one of the motives for taking it.

TORT, under the employers' liability act, St. 1887, c. 270, for personal injuries occasioned to the plaintiff while in the defendant's employ. Trial in the Superior Court, before *Lawton,* J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*E. H. Vaughan & F. P. Brady,* for the plaintiff.

*H. Parker & C. C. Milton,* for the defendant.

HOLMES, C. J.   This is an action for personal injuries caused by the fall of a hatchet from a rack in front of which it was the

plaintiff's business to work at painting hatchets, and upon which the hatchets were to be placed to dry when painted. The plaintiff had been in the defendant's employment for many years. About a year before the accident new racks had been substituted for those previously in use, and it may be assumed that they were less safe and were not proper, but were dangerous on account of the liability of the hatchets to fall from the pegs upon the plaintiff when the racks were jarred by the motion of machinery near by. The plaintiff complained to the superintendent that the hatchets were more likely to drop off than when the old racks were in use, and that now they might fall upon him, which they could not have done from the old racks. He was answered in substance that he would have to use the racks or leave. The accident which he feared happened, and he brought this suit.

The plaintiff, on his own evidence, appreciated the danger more than any one else. He perfectly understood what was likely to happen. That likelihood did not depend upon the doing of some negligent act by people in another branch of employment, but solely on the permanent conditions of the racks and their surroundings and the plaintiff's continuing to work where he did. He complained, and was notified that he could go if he would not face the chance. He stayed and took the risk. *Carrigan* v. *Washburn & Moen Manuf. Co.* 170 Mass. 79, 81. See *Lewis* v. *New York & New England Railroad*, 153 Mass. 73, 77; *Prentiss* v. *Kent Furniture Manuf. Co.* 63 Mich. 478, 482. He did so none the less that the fear of losing his place was one of his motives. *Leary* v. *Boston & Albany Railroad*, 139 Mass. 580, 587. *Haley* v. *Case*, 142 Mass. 316, 322. *Wescott* v. *New York & New England Railroad*, 153 Mass. 460. Bailey, Pers. Inj. rel. to Master & Servant, §§ 880–885.

*Exceptions overruled.*