ALBERT GRAY v. RED LAKE FALLS LUMBER COMPANY.[1]

December 13, 1901.

Nos. 12,804—(94).

### Incompetent Fellow Servant.

A master is required by law to provide his servants competent fellow servants, with whom they are associated in the performance of the work of their employment. If a servant complains to and notifies the master that a fellow servant with whom he is so associated is incompetent and unfit for the work in which they are jointly engaged, and the master promises to replace the incompetent with a competent workman, in consequence of which he is induced to remain in the master's service, the complaining servant may continue in such service for a reasonable time, to enable the master to fulfil his agreement, during which time he does not assume the risks incident to or arising from such incompetency, unless they are so obvious and imminent that a person of ordinary care and prudence would not incur them; but it does not necessarily follow that because he does not, as a matter of law, assume such risks, he may not be chargeable with contributory negligence with respect to his own conduct.

### Same—Assuming Risk of Remaining.

In actions, founded in this principle of the law, to recover damages for injury to the complaining servant, the question whether the risks are so obvious and imminent that a person of ordinary care and prudence would not incur them by continuing in the work associated with the incompetent servant, and whether the complaining servant is chargeable with contributory negligence, are ordinarily questions of fact for a jury to determine.

### Verdict Sustained by Evidence.

Evidence examined, and *held* to present issues for the determination of a jury with respect to both those questions, and that it sustains their verdict.

Action in the district court for Red Lake county to recover $15,000 for personal injuries. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $3,000. From an order denying a motion for judgment in its favor notwith-

[1] Reported in 88 N. W. 24.

standing the verdict or for a new trial, defendant appealed. Affirmed.

F. A. Grady and Montague & Morrison, for appellant.

Halvor Steencrson and Charles Loring, for respondent.

BROWN, J.

This was an action to recover damages for personal injuries alleged to have been caused by the negligence of defendant. Plaintiff had a verdict in the court below, and defendant appealed from an order denying its motion for a new trial.

The facts are as follows: Defendant is a corporation engaged in the operation of a sawmill at Red Lake Falls. In the operation of this mill, and in obtaining logs to be sawed and manufactured into lumber, it employs a large number of laborers, both at its mill and in the woods. For some time prior to the date of his injury plaintiff was in the employ of defendant as a "log decker," and was associated in and about the performance of his work with a colaborer or fellow servant named Cook. At the time in question plaintiff and Cook were engaged in "skidding" or "decking" logs. This work consisted in taking logs as they were brought in from the woods, unloading them at a skidway, and, by means of a large chain and a team of horses, rolling them, one by one, along the skidway into a pile. Plaintiff's duties required his presence at the top of the pile, to adjust the logs as they came up; and the duties of the man Cook were to adjust and arrange the chain properly about the logs on the skidway, so that they would roll along it and up the pile of other logs evenly, and also, by means of a cant hook, to guide the logs up the pile, so that when they reached the top they would be on a line with the other logs.

It is claimed that the accident resulting in plaintiff's injury was occasioned by the incompetency, inexperience, and negligence of the man Cook; that he improperly and carelessly adjusted the chain about one of the logs so being "decked," by reason of which, as it reached the top of the pile where plaintiff was at work, and because of his failure to guide the log properly up the pile, plaintiff's foot was crushed, necessitating its amputation. The substantive charge of negligence is that defendant was informed of the

incompetency of Cook by plaintiff, and that to induce plaintiff to remain in its employ, associated with and assisted by him, defendant promised that Cook would be replaced by a competent workman; that in consequence of which promise and in reliance thereon plaintiff continued in its employ, and was injured by reason of the unfitness and negligence of Cook.

The evidence tends to show that Cook was incompetent and inexperienced, that plaintiff informed defendant of the fact, and that he threatened to abandon the work and leave defendant's service unless he was furnished a competent helper. It also tends to show that to induce plaintiff to continue in its employ, associated with Cook, defendant promised to replace him with a competent man, and this it failed and neglected to do. Complaint was made of the incompetency of Cook on January 17, and the accident happened two days later.

It is thoroughly settled law in this state, as elsewhere, that a master is bound to furnish his servants safe instrumentalities with which to perform their work, and competent fellow servants with whom they are necessarily associated in the discharge of their duties. For neglect on the part of the master in either respect, by reason of which neglect injury results to a servant, he is liable for damages. If the servant complains to and notifies the master that a colaborer or fellow servant with whom he is associated in the performance of the duties of his employment is incompetent, and the master agrees and promises to replace him with a competent workman, the servant so complaining may, in reliance thereon, continue in the discharge of his duties, associated with such incompetent workman, for a reasonable time, to enable the master to fulfil his agreement. During such time the servant so complaining is held not to assume the risks incident to and arising from such incompetency, unless they are so obvious and imminent that a person of ordinary prudence would not incur the same. Rothenberger v. N. W. Con. M. Co., 57 Minn. 461, 59 N. W. 531; Erdman v. Illinois, 95 Wis. 6, 69 N. W. 993.

If, after making complaint of the incompetency of a fellow servant, the complaining servant continues with him in the work of his employment beyond a reasonable time, he assumes all risks

of accident and injury, but does not, as a matter of law, assume them for a reasonable time after making complaint, unless required to do so by their obviously and immediately dangerous character. The law on this subject is clearly and correctly laid down in Rothenberger v. N. W. Con. M. Co., supra; Vogt v. Honstain, 81 Minn. 174, 83 N. W. 533; Greene v. Minneapolis & St. L. Ry. Co., 31 Minn. 248, 17 N. W. 378; Lyberg v. Northern Pac. R. Co., 39 Minn. 15, 38 N. W. 632.

Plaintiff's cause of action is founded in this principle of the law, and the main question presented by the assignments of error is whether the evidence is sufficient to support the verdict of the jury. Counsel for appellant presented his case with much clearness on the argument, but, after a careful reading of the record, we are unable to agree with him that the evidence is insufficient to sustain the verdict. The case having been fairly submitted to a jury, and the learned trial judge having approved the jury's conclusions by denying a new trial, the verdict can only be set aside by this court on its appearing from the record that the evidence is clearly and palpably against it. We are unable to reach that conclusion, though a reading of the evidence impresses us that a strong case for plaintiff was not made out. It is urged that plaintiff was guilty of contributory negligence. Had the jury found for defendant on that issue, its conclusion would have been sustained; but the evidence is not so clearly in favor of such contention, nor so clearly against the theory of negligence on the part of defendant with respect to its failure to replace Cook with a competent workman, as to warrant interference by this court.

Of course, it does not necessarily follow from the fact that a servant does not, as a matter of law, assume the risks incident to continuing in the employ of his master associated with an incompetent fellow servant after notice to the master, and promise by him to replace the incompetent workman, that he may not be guilty of contributory negligence with respect to his own conduct. Notwithstanding the fact of notice to the master of the incompetency of the fellow servant, and the master's promise to provide a competent workman, the servant is bound in such case to exercise ordinary care and prudence to avoid injury to himself, and if

he fails to do so he cannot recover. But the question of contributory negligence, and the question whether the risks arising from the incompetency of the fellow servant are so obvious and apparent that a person of ordinary care and prudence would not continue in the work of his employment, associated with the incompetent workman, are questions of fact to be determined from all the evidence and the circumstances of each particular case. Such risks might, however, be so clearly obvious and apparent in a given case as to resolve the question into one of law; but ordinarily that and the question of contributory negligence are for the jury to determine. We see no reason for disturbing the verdict on either ground.

The only error of law complained of by appellant is with respect to the charge of the trial court to the jury. But one distinct portion of the charge is returned in the record, and that is with reference to the duty of defendant in the matter of furnishing a competent workman in the place of Cook, and its liability for a failure in that respect. Conceding, without so deciding, the instructions in this matter are not strictly accurate, still defendant was in no way prejudiced. If there be any error in the instructions, the error was in its favor, rather than against it; being more favorable to its side of the case than it was entitled to under the law.

Complaint is also made that the verdict of the jury is excessive. We cannot concur in this contention. The damages, though large, are not so excessive as to indicate passion or prejudice on the part of the jury. The accident to plaintiff was a severe one, his foot being crushed; and, before the injury had entirely healed, two separate amputations were necessary. Our conclusion on this branch of the case is that the damages are not so excessive as to warrant this court either in reducing them or granting a new trial.

A full examination and consideration of the whole record discloses no reason for disturbing the order appealed from and it is affirmed.