MUSSER-SAUNTRY LAND, LOGGING & MFG. CO. v. BROWN.

(Circuit Court of Appeals, Eighth Circuit.   November 2, 1903.)

No. 1,876.

1. MASTER AND SERVANT—INJURY OF SERVANT—CONTRIBUTORY NEGLIGENCE.
   Although a servant who has called the master's attention to a defective tool continues its use at the master's request, and on a promise to supply a better tool within a reasonably short time, he is not thereby freed from the charge of negligence contributing to his subsequent injury, where the character of the work is such that it cannot be prosecuted by means of the defective tool without subjecting him to such great or imminent risk of serious injury that a person of ordinary prudence would not incur it.

2. SAME—ASSUMPTION OF RISK.
   Where a defect in a tool furnished for the use of a servant is obvious and well known to him, and the danger from its use is apparent and appreciated by him, by continuing in the employment and the use of the tool he assumes the risk incident to such defect, notwithstanding a promise by the master to remedy it.   Per Sanborn and Van Devanter, Circuit Judges.

3. SAME.
   Plaintiff was employed in unloading logs from sleds on which they were piled several feet high, and bound with a chain, which plaintiff loosened by knocking out the hook with an ax.   He requested an ax with a longer handle, and was promised one by the foreman, but meantime continued at work with the one provided until he was injured by the logs rolling down upon him.   He knew that some of them usually fell as soon as the chain was released, but relied on his ability to get out of the way by running.   *Held*, that by continuing the work with full knowledge of the danger he assumed the risk therefrom, and was moreover guilty of culpable negligence contributing to his injury, which precluded his recovery therefor.

· In Error to the Circuit Court of the United States for the District of Minnesota.

Morton Barrows, for plaintiff in error.

Otto Kueffner and Albert Schaller, for defendant in error.

Before SANBORN, THAYER, and VAN DEVANTER, Circuit Judges.

THAYER, Circuit Judge.   Fred Brown, the defendant in error, brought this action in the lower court against the Musser-Sauntry Land, Logging & Manufacturing Company, the plaintiff in error, for personal injuries which he claimed to have sustained while in its

¶ 2. Assumption of risks incident to employment, see note to Chesapeake & O. R. Co. v. Hennessy, 38 C. C. A. 314.
See Master and Servant, vol. 34, Cent. Dig. §§ 642, 645.

service and in consequence of its culpable negligence. The act of negligence complained of consisted in the alleged fact that the defendant company supplied him with an ax having a short handle, with which to unload logs that he was engaged in unloading, when in the exercise of ordinary care it should have provided him with an ax having a longer handle. The facts which the evidence adduced at the trial tended to establish were as follows: The plaintiff was employed as a servant of the defendant company in unloading logs from sleds on which they were hauled from the woods, where they had been cut, at a place called "the landing." This landing was a level place, which had been overflowed with water to form ice, the season being winter, so that when the spring came and the ice thawed the logs could be floated to the place where they were to be transported. The logs that were being handled varied in length from 12 to 18 feet. They were hauled to the landing on large logging sleds, which were quite wide, and were run on ice tracks or roads that had been formed leading from the woods to the landing. The logs were piled upon these sleds tier upon tier, sometimes to the height of 10 or 12 feet, and were bound by chains to hold them in place until they reached the landing. At that place it appears to have been the plaintiff's duty to loosen the binding chains by knocking out a hook at one end of one of the chains with the head of an ax or other suitable implement. When the hook was thus knocked out the upper tiers of logs rolled off of their own weight onto the landing, or could be made to do so easily if they remained in place after the hook was unfastened. The plaintiff testified, in substance, that on one or two occasions he requested the defendant company, through its foreman, to provide him with an ax having a longer handle than the one he was then using, so that he could unload logs with greater safety, and that the foreman, in response to this request, told him to go ahead and work with the ax which he was then using, saying, further, "the loads are not very big now, you can get along with the one you have got and I will get you one all right"; that the day succeeding one of these conversations an unusually large load of logs, six or seven tiers high, was hauled to the landing; that he knocked out the hook of the binding chain, using an ax having a handle of ordinary length, such as he had been using, not having been provided at the time with one having a longer handle; that when the hook was released one of the logs rolled off and over him as he was attempting to escape, and that he was thereby severely injured.

At the conclusion of all of the evidence the defendant company, through its counsel, moved the court to direct a verdict in its favor, which the trial court declined to do. The case was thereupon submitted to the jury, and resulted in a verdict for $6,600. To reverse the judgment that was subsequently entered upon this verdict the defendant below has brought the case to this court on a writ of error.

Counsel for the plaintiff in error urge a reversal of the judgment below for several reasons, but, according to the view which we have felt compelled to take of the case, it will only be necessary to consider one question, and that is whether the plaintiff below, on the un-

disputed evidence in the case, was not himself guilty of contributory negligence. He conceded several times during the course of his examination as a witness that the work in which he was engaged at the time of the accident was exceedingly dangerous work, and that he fully appreciated that fact and the 'risk of injury before he was hurt. When he knocked out the hook by which the binding chain was held he was compelled to stand in front of a high load of logs and in close proximity thereto, so that if one or more of the logs fell when the hook was released he could only escape injury by jumping to one side with great agility, or running in front of the logs for a considerable distance at great speed. If he made a misstep or slipped on the ice which formed the landing, such misadventure meant either instant death or a painful injury. The plaintiff admitted, in the course of his testimony, that some of the logs usually rolled off the sled as soon as the hook was released, and that it was only "sometimes" or occasionally that they did not do so. He further testified that on the occasion of his getting hurt, when the large load of logs was brought up to the landing, he looked the ground over the first thing he did, to see where to run, before he struck the hook on the binding chain; that he thought the logs might fall, and that he was "watching out so that in case it would fall I would get out of the way." As anticipated, the logs, or some of them, did fall as soon as the hook was struck and released. The plaintiff, as he says, ran straight back in the direction in which the logs rolled, as he had previously determined to do when he looked the ground over, but he was overtaken and injured before he had gone 10 feet. The case presented by the plaintiff's own testimony therefore is as follows: He went up in front of a load of logs some 10 or 12 feet high, used a short-handled ax to release the hook, striking upwards, expecting the logs to fall, and relying on his own agility of movement to get out of the way, but failed in so doing. We are of opinion that by his own evidence the plaintiff stands convicted of an act of culpable negligence which contributed to his injury. The act in question was not done in the exercise of ordinary care, but would seem to have been extremely reckless. It was such an act, we think, as ought not to be excused, and the plaintiff held guiltless of all blame, unless it appears that it was done under the pressure of some great emergency which justified him in acting as he did. There appears to have been no such emergncy in the present case. If the plaintiff believed, as he says he did believe, that the binding chain could be released with greater safety with an ax having a handle some inches longer than the one he was using, he should not have struck the blow which caused the logs to fall until he was provided with an ax having a longer handle or with some other suitable instrument. He was not compelled, by stress of circumstances, so far as this record discloses, to put his life in danger by using an implement that was unsuitable for the purpose, and thus increase the risk of injury which, in any aspect of the case, was very great and imminent.

To sustain the judgment below counsel invoke the rule of law, which is now well settled, namely, that when a servant discovers a

defect in some tool or appliance, and calls the master's attention to the defect, who thereupon promises to repair it or to supply a better one within a reasonably short period, and who also requests the servant to continue using the defective implement, the servant in the mean time cannot be regarded as having assumed the risk of getting hurt by using the defective implement, but such risk is imposed on the master. This rule, however, is subject to the limitation that when an implement or appliance is defective to such an extent or the character of the work is such that it cannot be prosecuted by means of the defective tool without subjecting the servant to such great or imminent risk of being seriously hurt that a person of ordinary prudence would not incur it, here the promise or request of the master does not free the servant from the charge of contributory negligence. The law will not permit a person to place himself consciously in a situation where the danger of suffering the loss of life or limb is great and imminent, although he does conform to wishes of his employer. Hough v. Railway Company, 100 U. S. 213, 225, 25 L. Ed. 612; Homestake Mining Co. v. Fullerton, 69 Fed. 923, 16 C. C. A. 545, 549; Wood on Master and Servant, §§ 378–380. We think the case at bar falls clearly within the last-mentioned exception, and that the plaintiff below is not exempt from the charge of culpable negligence, notwithstanding the defendant's promise to provide him with a long-handled ax. The danger which he incurred in using a short-handled ax, according to his own description of the situation, was great and imminent. It was incurred every time he attempted to release the binding chain by striking the hook, and if he deemed a long-handled ax more safe than the one he was using he should have desisted from unloading logs until a long-handled ax or some other suitable implement, which would have lessened the danger, had been provided.

For the reasons thus indicated, we are of opinion that the trial court should have directed a verdict for the defendant, as it was requested to do. The judgment below is accordingly reversed.

SANBORN and VAN DEVANTER, Circuit Judges (concurring). We concur in the judgment of reversal in this case on the grounds stated in the opinion of the court, and also upon the further grounds that the defect in the handle of the ax which the plaintiff was using was obvious and well known to him, that the danger from it was apparent and was appreciated by him, and that by continuing in the employment with this knowledge and appreciation he assumed the risk of the defects and dangers from which he suffered. Lamson v. American Axe & Tool Co., 177 Mass. 144, 58 N. E. 585, 83 Am. St. Rep. 267; King v. Morgan, 109 Fed. 446, 448, 48 C. C. A. 507, 509; Cudahy Packing Co. v. Marcan, 45 C. C. A. 515, 517, 106 Fed. 645, 647, 54 L. R. A. 258; Smith v. Beaudry, 175 Mass. 286, 289, 290, 291, 56 N. E. 596.