FRED BROWN v. MUSSER–SAUNTRY LAND, LOGGING & MANU-
FACTURING COMPANY.[1]

May 1, 1908.

Nos. 15,566—(46).

**Assumption of Risk.**

The doctrine of assumption of risks rests upon implied contract, and,
where the servant has a right to rely and does rely upon the promise of
the master to remedy a defect in an appliance furnished for his use, the
implied contract changes, and the master takes upon himself, for a rea-

[1] Reported in 116 N. W. 218.

sonable time, the risk of any accident resulting from its use during such time.

#### Contributory Negligence.

Whether the servant has the right to rely upon such promise of the master in any given case depends upon the question whether to do so would be so imminently dangerous that no man of ordinary prudence would longer use it; that is, upon the question of contributory negligence.

#### Question for Jury.

The plaintiff herein was employed by the defendant in unloading logs at the landing place, and was furnished with a short-handled ax with which to knock loose the grab hook which fastened the top chains together. He requested of, and was promised by, the defendant a long-handled ax for such purpose, for the reason that the one supplied for his use was unsafe. He relied upon the promise, and, at the request of the defendant, continued to use the unsafe one, and was thereby injured. *Held*, that whether the plaintiff was guilty of contributory negligence in continuing to use the ax, and assumed the risk of injury therefrom, was made by the evidence a question of fact, and, further, that the trial court committed no reversible error in submitting the question to the jury.

Action in the district court for Washington county to recover $2,000 damages for personal injuries. The case was tried before Stolberg, J., and a jury which returned a verdict in favor of plaintiff for the sum demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Morton Barrows,* for appellant.

*Otto Kueffner* and *Albert Schaller,* for respondent.

START, C. J.

The plaintiff, on February 21, 1902, was in the employ of the defendant as a landing man at its camp in the woods, and while engaged as such employee in unloading logs he was thrown down and seriously injured by a log falling upon him. He brought this action to recover damages for such injury, on the ground that it was caused by the negligence of the defendant. He had a verdict for $2,000, and the defendant appealed from an order denying its motion for judgment or a new trial.

The logs, which were cut in the woods and hauled to the landing, were from twelve to eighteen feet long and from six inches to one and one-half feet in diameter, and were loaded lengthwise upon sleds

in successive tiers, which rested upon two timbers, known as "bunkers," placed eleven feet apart, across the sleds. When a load was completed, the logs were bound together by two sets of top chains put over the load, one at each end of the bunkers, and fastened by putting the end of the long chain through a ring on the end of the short chain on the opposite end of the bunker, making it fast by means of a grab hook on the end of the long chain, which was so adjusted that it could be knocked out by an ax or other proper implement and the chains and logs released. It was the duty of the plaintiff, as landing man, when the sleds were to be unloaded, to knock out the grab hook at each end of the load with an ax furnished by the defendant for the purpose. This work was necessarily attended with more or less danger, depending upon the height of the loads and the length of the logs, for the reason that when the grab hook was knocked out the logs sometimes, but not usually, would come down; hence it was necessary for the man using the ax to look out and get out of the way of the logs in case they came down. On the day named the plaintiff knocked out the grab hook, which was about six feet above the ground, with the ax, when a crooked log in the load fell out of the chains. He ran to escape from it; but it caught him, threw him down, and rolled upon him, hurting his leg and crushing his pelvic bone.

The alleged negligence of the defendant relied upon by the plaintiff was that it furnished him with a short-handled ax with which to knock out the grab hooks in unloading logs, which was an unsafe implement for that purpose; that if the defendant had furnished a long-handled ax, as it promised to do, it would have enabled the plaintiff to stand farther from the load and to get to a place of safety in case any of the logs fell when the hook was knocked out. The record discloses evidence sufficient to sustain a finding by the jury that it was the custom of prudent lumbermen to furnish to their employees long-handled axes —that is, axes with handles from five to seven feet long—with which to knock out the grab hooks, instead of ordinary or short-handled axes with handles three feet long; that the defendant furnished the plaintiff with a short-handled one only; and that he asked the defendant's foreman in charge to get him a long-handled ax, and the foreman said he would do so, but did not at that time; that a day and a half before the plaintiff was injured, the loads having increased in size

in the meantime, the plaintiff again requested the foreman to get him a long-handled ax, who again promised so to do, adding that the loads were not big enough yet, and asked the plaintiff, meanwhile, to go on with the work; and, further, that the plaintiff, relying upon this promise, continued to use the short-handled ax for the next thirty six hours, when he was injured by reason of the defendant's negligence in not furnishing him with a safe instrument with which to do his work.

Upon this record the question whether the defendant was entitled to an instructed verdict in its favor, and therefore entitled to judgment notwithstanding the verdict, depends upon whether the plaintiff was guilty of contributory negligence, as a matter of law, in relying upon the promise of the defendant to furnish a long-handled ax, and continuing, in the meantime, to use the short-handled one.

The question whether the plaintiff was guilty of contributory negligence in other respects was, under the evidence, clearly one of fact. That the sole question is whether the plaintiff was guilty of contributory negligence is obvious, because, if he was not, then he did not assume the risk of using the ax furnished by the defendant. The doctrine of assumption of risks rests upon implied contract, and where the servant has a right to rely, and does rely, upon the promise of the master to remedy a defect in the appliance or instrumentality furnished for his use, the implied contract between the parties changes, and the master takes upon himself for a reasonable time the risk of any accident resulting from the use of the defective instrumentality during such time. Greene v. Minneapolis & St. L. Ry. Co., 31 Minn. 248, 17 N. W. 378, 47 Am. 785; Schlitz v. Pabst Brewing Co., 57 Minn. 303, 59 N. W. 188. Whether a servant in any given case has a right to rely upon the promise of the master to repair a defective instrumentality or furnish a safe one in its place, and to continue meanwhile to use the defective one, depends upon the question whether to do so would be so imminently dangerous that no man of ordinary prudence would longer use it; that is, upon the question whether the servant is guilty of contributory negligence in continuing to use the defective instrumentality in reliance upon the master's promise to remedy the defect. Greene v. Minneapolis & St. L. Ry. Co., supra; Lyberg v. Northern Pacific R. Co., 39 Minn. 15, 38 N. W. 632; Schlitz v. Pabst Brewing Co., supra; Rothenberger v. Northwestern Consol-

idated Milling Co., 57 Minn. 461, 59 N. W. 531; Anderson v. Fielding, 92 Minn. 42, 99 N. W. 357, 104 Am. St. 665; Antletz v. Smith, 97 Minn. 217, 106 N. W. 517.

Does it conclusively appear from the undisputed evidence in this case, as a matter of law, that the appreciated danger of using the short-handled ax for such reasonable time as would enable the defendant to obtain a safe one was so obvious and imminent that no man of ordinary prudence would have continued to use the ax in reliance upon the defendant's promise? The plaintiff was thirty six years old, experienced in the work he was doing, and appreciated the risks. The evidence of the plaintiff relevant to the question, as correctly summarized by defendant's counsel, was as follows:

"I was knocking out the top chain—the hind grab hook. The first log in the top chain, as soon as I knocked the hook out, it came down. This log swung around like this (indicating) and catched me on the heels when I was running, and then rolled on me. This log that fell down was the first log on the top of the chain. I noticed this log before I knocked out the chain. It appeared to be all right. I examined it, and could not see anything wrong with it. It appeared to be loaded all right. I did not think that any log would come down when I knocked out the chain. When you first knock one chain out, the logs don't come down. It is an unusual thing for them to come down when you loosen one chain. I could not tell whether the logs would come down or not. I was not sure about that. * * * I looked at the load to see if the logs might tumble or not. That is something that I always had to look out for. Sometimes it is dangerous business to unload logs, and sometimes it isn't. It depends on how they lay, and the landing man is the one to decide about that. There is no one else to tell him. The landing man has to depend upon his own judgment in that respect. * * * Before I struck to knock out the hook, I looked to see what kind of a chance I had to get away if a log came down. I had to strike two or three times before loosening the hook. Just as soon as the hook was out I ran. I didn't know it was going to give way or not, or anything about it. Just as soon as the hook jumped, of course, the logs came. Of course, I didn't think they were going to."

The defendant, evidently for the purpose of showing that it was not negligent in furnishing the plaintiff with an ordinary or short-handled ax, called four witnesses, all of whom had from thirteen to thirty years of practical experience in the lumber and logging business, and each testified that the general practice and custom was to use short-handled axes for knocking loose grab hooks and unloading logs at landing places. This was competent, but not conclusive, evidence tending to show that it was not negligence to furnish a short-handled ax to be used by the plaintiff. Anderson v. Fielding, supra. This evidence clearly made the question whether the defendant was guilty of negligence in furnishing the ax one of fact for the jury. How, then, can it be claimed by the defendant that it conclusively appears from the evidence, as a matter of law, that the danger of using the ax was so obvious and imminent that no prudent person would use it under the circumstances that the plaintiff used it? If there is evidence tending to show that the defendant was not negligent in furnishing the ax to be used by the plaintiff, is there not also evidence tending to show that he was not negligent in using it? After a careful consideration of the whole evidence we have reached the conclusion, and so hold, that the question of the plaintiff's contributory negligence was one of fact, that the defendant was not entitled to an instructed verdict, and that the one returned is sustained by the evidence.

Counsel for defendant has called our attention to the decision of the circuit court of appeals, Eighth circuit, 126 Fed. 141, 61 C. C. A. 207, reviewing a former trial of this case, which holds, upon the evidence on such former trial, that the plaintiff was guilty of contributory negligence as a matter of law. Our conclusion, however, must be and is based upon the evidence given on the trial in the district court, as set out in the record on this appeal, and we cannot assume that the evidence on each trial was substantially identical.

It is the further contention of the defendant that it is in any event entitled to a new trial for the failure of the trial court to instruct the jury regarding its promise to supply the plaintiff with a long-handled ax. The defendant made no request, before the jury were instructed, to have them so instructed; but the trial judge did, of his own motion, fully and specifically instruct the jury to the effect that it mattered not how negligent the defendant may have been, the plaintiff could not re-

104 M.—11

cover if he was guilty of contributory negligence, and that he was so guilty if he failed to exercise such care as a reasonably prudent man would have exercised under like circumstances. At the close of the court's instructions to the jury, counsel for the defendant said: "The defendant excepts to the failure of the court to instruct the jury in regard to the effect of the alleged promise to supply the plaintiff with a long-handled ax; the contention of the defendant being that the defendant is entitled to a charge substantially as follows: 'That, if the act of knocking out the grab hook was so hazardous that a man of ordinary prudence would not have attempted it with a short-handled ax, then the giving the promise and failure to keep the promise to supply a longer-handled ax is immaterial and may be disregarded.'" Other than this, there were no requests for instructions, nor exceptions to the charge given. Upon consideration of the instructions as given, and the manner in which counsel sought to raise the question, we are of the opinion that the court committed no reversible error.

Order affirmed.

JAGGARD, J. (dissenting).

I dissent. The defendant had a right to expect that the court would charge in the conventional manner as to the leading issues actually litigated. It was not necessary, nor would it have been reasonable, to have required it to request a charge on every conspicuous matter. So to do would in effect amount to the preparation of the charge in large measure by counsel for the defendant, and not by the court. In this case, after the charge had been given and before the jury had retired, counsel for defendant excepted, as stated in the majority opinion, to the failure of the court to instruct the jury that, "if the act of knocking out the grab hook was so hazardous that a man of ordinary prudence would not have attempted it with a short-handled ax, then the giving the promise and the failure to keep the promise to supply a longer-handled ax is immaterial and may be disregarded." This amounted to a request to charge. That it was in form an exception, to my mind, is not material. The substance of the proposition does not appear to me to have been covered by the general charge. A new trial should therefore have been granted. See Robertson v. Burton, 88 Minn. 151, 92 N. W. 538.