AL DELMORE, *Appellee*, V. THE KANSAS CITY HARD-WOOD FLOORING COMPANY, *Appellant*.

No. 18,271.

SYLLABUS BY THE COURT.

1. NEGLIGENCE — *Careless Coemployee — Complaint Made—Assumption of Risk.*   Where two employees in a factory are associated in operating a machine therein and one complains to the master that he is afraid to work with the other and the master replies that the one complained of is incompetent and careless and that he will place him on some work where he can not hurt the one complaining, the one complaining may thereafter continue in the employment for a reasonable time without assuming the risk of injury from the negligence of his fellow laborer.

2. ——— *Same.*   In such case the master assumes liability for injuries received by the one who complained through the negligence of the other.

3. ——— *Contributory Negligence — Question of Fact.*   The question whether the appellee was guilty of contributory negligence was, under the instructions, for the determination of the jury, and, there being no special question submitted thereon, the general verdict in favor of appellee inferentially acquits him of such negligence.

Appeal· from Wyandotte district court, division No 1.   Opinion filed June 7, 1913.   Affirmed.

*O. L. Miller, Charles A. Miller,* both of Kansas City, *Frank P. Sebree, Henry S. Conrad,* and *John D. Wendorff,* all of Kansas City, Mo., for the appellant.

*A. W. Little,* and *E. C. Little,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought by appellee for personal injuries. A jury trial was had and verdict and judgment were for plaintiff.

In the petition it was alleged that the appellee was injured while cleaning out with his hands shavings from the hopper of the planer which he was operating; that Appler, a fellow workman employed by the defendant, in handling lumber about the machine carelessly and negligently struck plaintiff's arm and knocked his right hand against the knives in the machine and cut off two fingers thereof, to plaintiff's great injury. The petition also alleged that Appler was a careless, incompetent and unsafe workman, and that appellee had some weeks before the accident complained to appellant's foreman of Appler's carelessness and negligence, and that the foreman had promised to give Appler employment where he could do appellee no harm but had failed to do so. Several other grounds of negligence and failure to comply with the requirements of the factory act were set forth in the petition. A demurrer to the petition was filed by the appellant and was properly overruled.

The appellant answered by a general denial, that the accident was due to the appellee's own carelessness and negligence, and that appellee was familiar with the machine and surrounding conditions and assumed the risk of his employment.

The appellant points out several grounds of negligence, upon which there was no evidence or upon which the evidence was insufficient and one even where

Delmore v. Flooring Co.

the plaintiff's own testimony seems to contradict an allegation of his petition. The appellant, in several assignments of error, calls attention to the allegations of the petition and also to the evidence and says that there was no allegation or evidence that Appler was negligent.

1 Words and Phrases, p. 973, Webster's New International Dictionary, and Soule's Dictionary of English Synonymes give "negligent" as one of the synonyms of "careless." While "negligent" is probably the better word in legal pleadings and proceedings, it is evident that the word "careless" in this case was used in the sense of "negligent."

There was evidence tending to show that Appler was a negligent, careless workman; that the appellant had been apprised of this fact and knew it to be true but that it had continued to employ him, and that Appler's negligence was the immediate cause of the injury. If the jury believed this evidence, as they apparently did, or believed the evidence in regard to one or more omissions of safeguards or precautions required by the factory act, it is sufficient to sustain the verdict in this case, and this is true even if the evidence was conflicting.

Where two employees in a factory are associated in operating a machine therein and one complains to the master that he is afraid to work with the other and the master replies that the one complained of is incompetent and careless and that he will place him on some work where he can not hurt the one complaining, the one complaining may thereafter continue in the employment for a reasonable time without assuming the risk of injury from the negligence of his fellow laborer. (*Gray v. Red Lake Falls Lumber Co.*, 85 Minn. 24, 88 N. W. 24.)

There was no evidence that the danger of injury from the incompetence or negligence of his fellow laborer was so obvious and imminent that a person of

ordinary care and prudence would not incur the risk for the time reasonably necessary for the master to substitute another in the place. The question whether the appellee was guilty of contributory negligence was, under the instructions, for the determination of the jury, and, there being no special question submitted thereon, the general verdict in favor of appellee inferentially acquits him of such negligence.

The appellant requested the giving of several instructions which the court refused. So far as they were proper statements of the law applicable to the case they appear to have been covered by the instructions given by the court. In fact, the instructions given by the court seem to be very full and fair.

There was evidence that a loose pulley and belt were supplied in connection with the planer and that by the use thereof the appellee could have stopped the machine and cleaned out the hopper without danger; that the foreman had ordered appellee not to stop the machine but to clean out the shavings with his hand. In response to a question if appellee could not have stopped the machine and cleaned out the hopper without danger, the jury answered, "Yes, if allowed to stop the machine." Also, in response to a question the jury answered that he could have cleaned out the hopper with a stick. The jury also answered other questions to the effect that cleaning out the hopper with his hand was more dangerous than either of the other methods. They also found that Appler was negligent, and the appellant knew he was negligent; that Appler, through carelessness and accident, hit appellee's arm while his hand was in the hopper cleaning it out.

It is often said that where an employee selects the more dangerous of two or more ways of doing an act in the line of his duty, and is injured thereby, he can not recover damages for the injury from the employer, but this rule is subject to the qualification that he may adopt any one of the methods which a reasonably pru-

Delmore v. Flooring Co.

dent man would adopt and not be negligent although another way may be absolutely safe.    (*Brinkmeier v. Railway Co.,* 69 Kan. 738, 77 Pac. 586.)

In this case, however, there is evidence, which one of the answers indicates the jury believed, that the master had selected the method of cleaning out the hopper and had directed the appellee not to stop the machine but to clean out the hopper with his hand.    It also appears by undisputed evidence that appellee had frequently and many times cleaned out the hopper in the way he was doing at the time of the accident, without injury, and that the negligent act of Appler was the proximate, if not the sole cause of the injury.

In addition to the special findings the jury returned a verdict in favor of appellee for $825 damages, and the appellant filed a motion for judgment in its favor upon the special findings notwithstanding the verdict, which was overruled and judgment rendered on the verdict.

Under the instructions we think the jury were justified in finding that Appler's negligence was the proximate cause of the injury; that Appler was negligent and careless; that appellant knew it, and, in effect, promised to remove him from work about the machine operated by appellee.

The judgment is affirmed.