JOHN KREMKOSKI v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 12, 1907.

Nos. 15,172—(126).

**Negligence of Master.**

Plaintiff, while engaged in cleaning out the combustion chamber of a stationary engine by sprinkling the hot ashes with water through a hose supplied for that purpose and by then shoveling the ashes out of an opening in the chamber, was burned by an explosion of steam or gas. The method he pursued was customary in, and had been employed at, this precise place without accident for twenty years. It is *held* that no actionable negligence on defendant's part was shown.

[1] Reported in 112 N. W. 1025.

Action in the district court for Ramsey county to recover $10,500 for personal injuries. The case was tried before Kelly, J., and a jury, which returned a verdict in favor of plaintiff for $750. Defendant moved for judgment in its favor notwithstanding the verdict, and the motion was denied. From the judgment entered in favor of plaintiff, defendant appealed. Reversed, and judgment ordered for defendant.

*M. L. Countryman,* for appellant.

*J. F. George,* for respondent.

JAGGARD, J.

This is an appeal from a judgment in favor of plaintiff on a verdict of $750 for personal injuries. Defendant moved for judgment notwithstanding the verdict, which motion was denied. No motion was made for a new trial. This appeal presents only the question of plaintiff's right to recover at all.

The defendant operated large steam boilers at its shops. It ordered plaintiff, a common laborer, to go into the combustion chamber of the middle stationary boiler to clean out the ashes at a time when the ashes were "hot as they could be." It was plaintiff's work to cool them by sprinkling them with water by means of a hose provided for that purpose, then to shovel a layer of ashes out through an aperture provided for that purpose, then to sprinkle another layer of ashes and shovel that layer out, and to continue this process until the combustion chamber was cleaned. That chamber was about twelve feet long, four or five feet wide, and tall enough to allow a man to stand up in it. The adjoining furnaces naturally tended to keep the ashes hot. There were two openings into the chamber. It was lighted by a burning torch, set on a projection in the chamber. Plaintiff had been engaged in this work the forenoon of the day on which he was hurt, squirting water all over the flues and cleaning the inside. In the afternoon he began taking the soot and ashes out of the chamber. About two o'clock, while he was engaged in sprinkling the hot ashes by means of the hose, his hands and face were burned by the hot ashes, thrown, as he testified, by an explosion.

The essential question in the case is whether these facts showed negligence on the part of the defendant.

The theory of the complaint, and apparently of plaintiff at the trial, was that the explosion of steam generated, or of gases produced,

caused the injuries, and that the defendant was negligent in requiring the plaintiff to go into the chamber while the same was filled with gas and other explosives and to take with him his torch, in permitting gas and other explosives to leak into the combustion chamber and to accumulate there, and in failing to furnish plaintiff a safe place in which to work as he was so required to do. The charge of the trial court to the jury stated the claims of the complaint as to negligence, defined negligence and accident, and left it to the jury to determine "whether the defendant knew, or in the exercise of ordinary care should have known, that explosions of this kind might occur in removing these ashes, or that using water on these ashes would produce what is claimed occurred here." The verdict was sustained by the learned trial judge on the theory that "more frequent removal of the contents of these combustion chambers and larger door openings therein—the two insuring fuller supply of fresh air—would tend to minimize the danger of the mass caking and exploding when water is applied. Also, if the operator had been instructed to keep out of the chamber for a reasonable time after applying water to the contents, such caution would have been reasonable and prudent, and might have prevented this injury."

On appeal plaintiff insisted that the defendant "might have expected an explosion either from steam or from gas. * * * It was careless and negligent in the defendant to send the plaintiff into this combustion chamber to put water upon the hot ashes at the time and in the manner in which it was done. * * * The extreme heat which is shown to have existed in this combustion chamber, the exceeding quantity of ashes packed as hard as a rock and hot as could be, the presence of elements which could produce an explosion of either gas or steam, makes a case sufficient to submit to the jury the question of negligence of the defendant. Sending an inexperienced common laborer into the combustion chamber with a lighted torch, which could ignite the gas formed by the decomposition of water which the plaintiff was directed to put upon the red-hot ashes, was negligence. Pouring water upon the hot ashes and hot floor of the combustion chamber, where it could find holes, cracks, and crevices where steam would suddenly be generated and explode, was carelessness." The defendant's position on the facts was that no explosion could have occurred, and that plaintiff had lost his footing and fallen into the ashes.

For present purposes, however, it must be assumed that there was

an eruption or explosion of hot ashes, which severely burned plaintiff's face and hands. The difficulty arises in attributing this explosion to any fault on the defendant's part. The testimony shows conclusively that the method of cleaning the combustion chamber which has been described had been pursued for more than twenty years without causing any known explosion. There was no proof that any other means of doing the work was known or employed under like conditions. It is elementary and undisputed that ordinary care in such cases usually means only that degree of diligence which is customary or is sanctioned by general practice and usage. The degree of care ordinarily exercised may not, however, be due, or even reasonable or proper, care. The custom itself may be negligent. Wabash Ry. Co. v. McDaniels, 107 U. S. 454, 2 Sup. Ct. 932, 27 L. Ed. 605. The difficulty in this case is to discover wherein the defendant was culpable or the custom careless. The mere happening of this accident did not show negligence. The evidence does not show that the chamber was negligently full. The testimony is that it was "full enough to be cleaned out."

The theory of the trial court contains the most plausible suggestions called to our attention. The question whether, if the openings into the combustion chamber had been larger, the fuller supply of fresh air would have tended to prevent what here occurred, was not submitted to the jury. No charge of negligence to that effect was in the case. We are at a loss, moreover, to see how this would have tended to prevent the rapid generation of steam when the water came in contact with the hot ashes, or the instantaneous production and ignition of explosive gases. Nor was any question concerning instructions to keep out of the chamber for a reasonable time after applying water submitted to the jury. What would have been a reasonable time does not appear. Undoubtedly, if plaintiff had remained out of the chamber until the ashes had cooled, plaintiff's injuries could not have been produced.

We are, however, unable to see that the exercise of commensurate care required the defendant to do more than it did. The actual experience, undisputed and covering many years, the fact that steam or gases, if generated by the contact with the hot ashes, would have escaped through the same spaces through which the water came, only more readily, did not create such a condition that an ordinarily prudent man

in defendant's place would reasonably have anticipated such an explosion as plaintiff claims to have occurred. It follows that defendant was not affirmatively shown to have been negligent. The defendant's motion, therefore, should have been granted.

Judgment reversed, and judgment for the defendant ordered.