FRANK L. VANCE v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 27, 1908.

Nos. 15,878—(108).

**Pleading—Variance.**

Upon appeal from an order denying a motion for judgment notwithstanding the verdict, the complaint will be liberally construed. *Held* no fatal variance between the evidence and the cause of action alleged.

**Negligent Usage—Semaphore Signal.**

Negligent acts are not necessarily made lawful because they are in accordance with general usage, but the practice generally followed may be taken into consideration in determining whether ordinary care was ex-

[1] Reported in 118 N. W. 674.

ercised under all the circumstances of any given case. *Held*, appellant was not negligent in placing a semaphore signal post in a depot platform contiguous to the office windows, but whether reasonable care was exercised in the method of attaching a ladder thereto was a question of fact, and the evidence supports the verdict.

### Contributory Negligence.

A person who was lawfully upon a depot platform, and who stepped back for the purpose of making room for another, was not necessarily guilty of negligence in not observing the presence of a semaphore brace over which he fell.

Action in the district court for Itasca county to recover $50,000 damages for personal injuries. The case was tried before McClenahan, J., and a jury, which rendered a verdict in favor of plaintiff for $1,500. Defendant's motion for judgment notwithstanding the verdict was denied. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*W. R. Begg* and *J. A. Murphy*, for appellant.

*C. C. McCarthy* and *Durment & Moore*, for respondent.

LEWIS, J.

Respondent recovered a verdict for injuries received by falling over a brace connecting a ladder to a semaphore post located in the platform of appellant's depot in the city of Grand Rapids. Appellant appealed from an order of the trial court denying its motion for judgment notwithstanding the verdict, and presents the following suggestions: (1) That the evidence does not sustain the cause of action pleaded in the complaint, and that there is a fatal variance between the evidence and the cause of action pleaded; (2) that it conclusively appears from the evidence that appellant is in no respect guilty of any negligence; (3) that respondent was manifestly guilty of contributory negligence.

The complaint contains many assertions and statements which are not sustained by the evidence. That the depot platform was too narrow and inadequate for the purpose of accommodating the people lawfully congregated upon it, and that on the date in question the crowd was so large the respondent was jostled and pushed against and fell over the brace, is not sustained by the evidence. If the pleader were confined to this specific statement as to how the injury

occurred, the proof fails. But, in the absence of a motion during the trial to make the pleadings more specific, or to require respondent to elect upon which statement of facts he proposed to stand, the complaint must be liberally construed at this time, and there is no fatal variance, if the evidence is sufficient to enable respondent to recover upon any ground reasonably within the allegations of the complaint.

The manner of the injury was as follows: The semaphore post was about twenty six feet nine inches high, stood a distance of about eighteen inches at its base from the depot building in front of the office windows, and about ten feet from the outer edge of the platform. Attached to this post, on the east side, was a ladder, which at its base was about two and one half feet from the post, gradually slanting upwards until its extreme point came in contact with and rested against it. The ladder was fastened to the post by means of iron braces, an inch wide and a quarter of an inch thick, extending horizontally from the post, the first of which was four or five inches from the floor of the platform, and the next one about six feet above it. Respondent was standing in front of the office windows, with his back to the semaphore brace, when the train arrived. That portion of the platform was crowded. A woman, carrying a satchel and leading a child, came along, and, in order to make room for her to pass, respondent stepped backward, and his foot caught on the brace which caused him to trip and fall, resulting in the injuries complained of.

Respondent was lawfully upon the depot platform. We shall assume that appellant was not guilty of any negligence in locating and maintaining the semaphore in the place stated; but if, in view of its location in that vicinity, appellant failed to exercise reasonable and ordinary care in constructing the ladder in connection therewith, then it cannot escape liability unless respondent was guilty of contributory negligence. The complaint charged that appellant had negligently and improperly erected and constructed on its depot platform at a point where people "were liable to step or be thrown or jostled or pushed against the same * * * or some part thereof," a contrivance or instrument used by appellant for signaling trains; that persons lawfully upon the platform were liable to be pushed or jostled against the said contrivance, and to have their feet caught thereby, and

so caused to fall and be injured; that respondent, without any negligence on his part, "was pushed and crowded by said persons on said platform in such a manner that he was thrown, jostled, or crowded and caused to step against the said obstruction on said platform, and thereby caused to trip, stumble, and fall on or over some part of said obstruction, so that he fell or was thrown upon the same. * * * " The evidence tends to show that that portion of the platform where respondent was standing was fully occupied, and it does not conclusively appear that the woman could have found some other way of getting through the crowd, if respondent had not attempted to get out of her way. It may fairly be inferred that he stepped back to make way for her for the reason that there was not room for her to pass otherwise, and, if such was the case, he was in the reasonable use of the platform. So understood, the facts are within the allegations of the complaint.

This brings us to the question whether appellant was necessarily relieved from liability because it had constructed the semaphore and its attachments in the manner usually followed by railway companies in providing such signaling apparatus. The gist of the charge of negligence lies in the failure to exercise reasonable care in the manner of constructing the semaphore, and not in placing it in the platform. If the ladder could reasonably have been constructed so as to avoid accidents of this character, then appellant was required to adopt that method. It does not follow that appellant is exonerated simply because railway companies generally adopted the method followed in this instance. The use of appliances in accordance with a usual custom may or may not be in the exercise of ordinary care. An action in itself negligent is not necessarily made lawful by the persistent use of that method. What may reasonably be required under the circumstances is the test, and, in the determination of that question, it is competent to consider what may have been customary or usual under similar conditions. In a case where no other means of accomplishing the same purpose was ever known or employed, and no apparent danger exists from continuing to follow the ordinary way, it may be said that a party is not chargeable with negligence if he follows the established practice. Such was the holding in Kremkoski v. Great Northern Ry. Co., 101 Minn. 501, 112 N. W. 1025. But that rule has

no application here.   Anderson v. Fielding, 92 Minn. 42, 99 N. W. 357, 104 Am. St. 665; Brown v. Musser-Sauntry L., L. & Mnfg. Co., 104 Minn. 156, 161, 116 N. W. 218.

Respondent was not guilty of contributory negligence as a matter of law in not turning around and looking before he stepped back.   He was not absolutely required to have knowledge of the method in which the ladder was fastened to the pole.   He was only required to exercise such care as an ordinarily prudent person would under similar circumstances.   He, with others, went upon the platform on the invitation of appellant.   The conditions were not of his own making. An exceedingly cautious man might not have moved without turning around and investigating what was behind him.   Another might, as respondent did, step back without making such investigation.   There is no absolute rule to govern the conduct of men under such circumstances.   The case differs from those involving an obstruction created by baggage necessarily piled upon the platform, or by the presence of a truck or scales used in the public business.

These questions were correctly submitted to the jury, and their determination is final.

Affirmed.