# Johnston *versus* The Pittsburgh & Western Railroad Co.

An employer is not liable to an employee for an injury which was the result of the negligence of a co-employee; and this rule is not changed by reason of the co-employee being sick or worn out with continuous service, if the negligence which caused the injury did not arise from his sickness or worn out condition.

October 19th, 1886.    Before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.    MERCUR, C. J., absent.

ERROR to the Court of Common Pleas of *Butler county:* Of October Term, 1886, No. 164.

Case by William Johnston against the Pittsburgh and Western Railroad Company to recover damages for injuries sustained by the negligence of the conductor and the engineer of the railroad train on which he was a brakeman.    Plea, not guilty.

After the plaintiff closed his testimony the defendant moved the court, HAZEN, P. J., to grant a compulsory nonsuit.

A compulsory nonsuit was granted.    A motion to take it off was overruled, and judgment of nonsuit was thereupon entered, whereupon the plaintiff took this writ, assigning for error the action of the court in granting a compulsory nonsuit and refusing to take it off.

The facts of the case sufficiently appear from the opinion of the Supreme Court.

*A. T. Black* and *Galbreath* (*McJunkin* with them) for plaintiff in error.—We contend that that the case should have been submitted to the jury, to find:

1. Whether the defendant exercised ordinary care in the selection and employment of the conductor and engineer.

2. Whether the defendant exercised ordinary care in preventing exhaustion of their employees by overwork, etc., by which they became unfit for duty, and exposed fellow servants to unreasonable risks.

3. Whether the casualty complained of was one of the ordinary risks of the service which plaintiff should be held to have assumed.

4. Whether McCarthy and Mackey, or either of them, were, at the time of the injury, men of ordinary skill and care; and if not, from any cause, whether defendant knew or was bound to know that.    In short, whether the negligence of the defendant company was in the first instance the cause of their

[Johnston *v.* P. & W. R. R. Co.]

negligence and co-operated with it in producing the injury to plaintiff.

5. Whether defendants, by ordinary care and vigilance, could not have averted the accident.

These were questions of fact, and if there was any evidence bearing upon them, it was error to take the case from the jury: Ardesco Oil Co. *v.* Gilson, 13 P. F. S., 146; Mullan *v.* Steamship Co., 28 Id., 25; Baker *v.* Railroad Co., 14 Norris, 211; Murphy *v.* Crossan, 2 Out., 495; Stringham *v.* Stewart, East. Reporter, January 2d, 1886.

The defendants are a corporation, and can only act through their officers and agents. It is their officer, having charge of their business, who, for all practical purposes, must be regarded as the corporation itself. Therefore, the act of the train dispatcher at Allegheny City, Mr. Yohe, in sending out McCarthy as conductor, when he was sick, on the 10th of September, 1883, was the act of the company, and his knowledge of the condition of McCarthy at the time, was the knowledge of the defendant company: Frazier *v.* Railroad Company, 2 Wr., 104; Ardesco Oil Co. *v.* Gilson, *supra*.

It was the duty of the defendant company to employ a careful and competent conductor and engineer to have charge of the train upon which the plaintiff in error was employed as a brakeman, and if they knowingly employed one as either conductor or engineer, who was careless or incompetent; or if they knowingly kept them, or either of them, in their position after they had become unfit, from any cause whatever, they would be guilty of negligence in so doing, and if such negligence resulted in the injury to plaintiff in error, he is entitled to recover: Frazier *v.* Railroad Company, *supra*; Weger *v.* Railroad Co., 5 P. F. S., 460; Railroad Company *v.* Decker, 3 Norris, 419; O'Donnell *v.* Railroad Co., 9 P. F. S., 239.

If any negligence of the defendant company co-operated with the negligence of the conductor and engineer in producing the injury, the plaintiff is entitled to recover: Stringham *v.* Stewart, *supra*; Fuller *v.* Jewett 80 N. Y., 46; Cone *v.* Railroad Company, 81 N. Y., 209.

*R. P. Scott*, for defendant in error.—A master is not liable to his servant for the negligence of a fellow servant while engaged in the same common employment: Ryan *v.* Railroad, 11 Harris, 384; Frazier *v.* Railroad, 2 Wright, 104; Lehigh Valley Coal Co. *v.* Jones, 5 Norris, 432; Tube Works *v.* Bedell, 15 Norris, 175, and cases therein cited; N. Y., L. E. & W. R. R. *v.* Bell, 2 Amerman, 400.

That the employer cannot be made responsible for damages resulting to a servant from the negligence of a fellow servant,

[Johnston *v.* P. & W. R. R. Co.]

is a principle as old as the common law: Waddell *v.* Simoson, 17 W. N. C., 456.

A master is not the guarantor of the safety of his servants: Passenger R. R. *v.* Bresmer, 1 Out., 103; Sykes *v.* Parker, 3 Id., 456; Slater *v.* Jewett, 84 N. Y., 61.

Nor does he warrant the competency of any of his servants to the other: Tube Works *v.* Bedell, 15 Norris, 175; Slater *v.* Jewett, 84 N. Y., 61.

Where facts have not been shown from which negligence may reasonably be inferred, it should not be submitted to the jury to infer negligence: Baker *v.* Fisher, 10 W. N. C., 56; Railroad *v.* Heil, 5 Id., 91.

The undisputed evidence of the case showing that the plaintiff's injuries were the result of the careless, negligent misconduct of his fellow-servants, arising from their total disregard of duty and safety, it was the duty of the court to determine the question of the defendant's negligence as a question of law: P. & C. R. R. *v.* McClurg, 6 P. F. S., 294, and cases therein cited.

It would have been error for the court to have submitted it to the jury as an open question: Reading R. R. *v.* Ritchie, 6 Out., 425; Northern C. R. R. *v.* Husson, 5 Id., 1.

Mr. Justice PAXSON delivered the opinion of the court, November 15th, 1886.

This case can be disposed of in a very few words. The plaintiff was a brakeman in the employ of the defendant company, and whilst in such employ, without any negligence on his part, was injured by the colliding of his train with another train on the same road. The collision was admittedly the result of the neglect of the conductor and engineer of the train on which plaintiff was engaged, to stop at Wildwood station for orders. Instead of so waiting they started their train in plain violation of their duty and the orders of the company, and the collision was the result.

If this were all, it is obvious that the plaintiff would be prevented from recovering for the injuries which he received by reason of the familiar rule which relieves the employer from liability when an injury is the result of the negligence of a co-employee of the person injured. But the plaintiff alleges that the conductor was sick and unfit to have taken the train out, and that the engineer had been on continuous duty so many hours as also to be unfit for duty. There was evidence that the conductor was sick; that he had been on duty for an unusual length of time, and that he had asked permission to be relieved from this trip. But there was no evidence that the starting of his train without orders was the result of his

sickness. He knew he had no right to leave Wildwood station without orders, and his disobedience of his duty in this respect is not sufficiently connected with his sickness.

It was shown to be as much the duty of the engineer to wait for orders as it was of the conductor. He states in his testimony that he was engaged about his engine and forgot all about the train which was approaching, and started without orders.

It must not be forgotten that the collision was the result solely of starting without orders. We have not the case before as of an engineer or conductor being sick or so worn out with continuous service as by reason thereof to be unable to properly handle the train when in motion, and an accident resulting therefrom. In the case at bar the collision did not occur because either the conductor or engineer was in such a condition that he could not wait for orders to take the train out, or that he did not know it was his duty to do so.

Judgment affirmed.