# MISSOURI, O. & G. RY. CO. v. WEST.

No. 3225.   Opinion Filed July 6, 1915.

On Petition for Rehearing August 3, 1915.

(151 Pac. 212.)

1.  **EVIDENCE—Best and Secondary Evidence.**   The general rule admitting secondary evidence is that there must be a showing that the primary evidence is lost, or destroyed, or otherwise unavailable, through no fault of the party making the offer. It is not error to exclude the copy of a written contract where it appears that the party making the offer has the custody or control of the original and the original is not available through the carelessness or negligence of such party.

2.  **APPEAL AND ERROR—Continuance—Application—Discretion of Court.**   An application for the continuance of the trial of a cause is addressed to the sound discretion of the trial judge, and an order denying a continuance is not prejudicial error unless an abuse of discretion is shown.

3.  **TRIAL—Instructions—Submission of Issues.**   Where the issue is raised by the pleadings, but not supported by evidence, it is not error for the court to refuse to submit such issue to the jury.

(Syllabus by Galbraith, C.)

ON PETITION FOR REHEARING.

4.  **MASTER AND SERVANT—Injuries to Servant—Jury Question.**   Where, in an action for damages alleged to be caused by the negligence of the defendant, the evidence is such that reasonable minds might differ as to whether there was negligence or not, it is a question for the jury, and there is no error in overruling a demurrer to such evidence.

5.  **SAME—Presumptions.**   The doctrine of **res ipsa loquitur** does not apply as between master and servant.

(Syllabus by Devereux, C..)

*Error from District Court, Coal County;*
*R. M. Rainey, Judge.*

Action by Robert T. West against the Missouri, Oklahoma & Gulf Railway Company.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*E. R. Jones, J. C. Wilhoit, Alexander New,* and *Arthur Miller,* for plaintiff in error.

*Linebaugh Bros. & Pinson,* for defendant in error.

Opinion by GALBRAITH, C.   This was an action for personal injuries rece.ved by the defendant in error while engaged in moving piles to be used in the construction of a bridge on the plaintiff in error's right of way.   The defendant in error alleged in the petition that he was working for the Missouri, Oklahoma & Gulf Railway Company, and that he was injured through the carelessness of a fellow employee of said company.   The railroad company answered, denying liability, and that the defendant in error was working for it; and also pleaded the affirmative defense of independent contractor, alleging that the construction of the road, including the building of its bridges, was let to an independent contractor, namely, the William Kenefeck Company, and that the railroad company had nothing to do with the employment of laborers or control over them in the performance of their work in the construction of its roadbed, or the bridges across the streams on its right of way; that the William Kenefeck Company let the contract for grading the roadbed to Hoffman & Co. and Hoffman & Co. let the contract for building the bridges to E. L. Webster; that the defendant in error, West, as well as the fellow employee, by whose carelessness he claims to have been injured, were each employed by one Roberts, the foreman of E. L. Webster, who had the contract for the construction of the bridges; that the work of constructing the roadbed and bridges was not inherently dangerous, and was performed by an independent contractor, and the railroad company had no management, direction, or control over the laborers employed by such contractor, and was not

responsible for their conduct or liable in damages on account of their negligence; that it only checked up the work to see that it complied with the plans and specifications prepared by its chief engineer. Upon the issues formed by the pleadings, the case was submitted to the court and a jury. A verdict was returned for the defendant in error in the sum of $2,000. From the judgment rendered upon this verdict, the railroad appeals.

One error assigned and argued is that the trial court erred in sustaining an objection to the admission in evidence of a copy of the contract between the Missouri, Oklahoma & Gulf Railway Company and the William Kenefeck Company, offered in support of the defense of independent contractor, set up in the answer. It appears from the record that this defense was set out in an amended answer filed on the day the cause was called for trial, and that up until that time the answer included only a general denial. This testimony was offered by the witness E. R. Jones, who was attorney for, and secretary of, the Missouri, Oklahoma & Gulf Railway Company, who, after identifying the copy of the contract offered in evidence, stated that the original contract had been in his possession a few days prior to that time, when he delivered it to Mr. De War, also an officer of the company, expecting it to be returned to him; that he or De War was the proper custodian of the original contract, and that it was kept either at the witness' office at Muskogee, or at Mr. De War's office at Kansas City, Mo.; that before leaving Muskogee for Coalgate to attend this trial he had made diligent search for the original contract and was unable to find it; that he then communicated with Mr. De War's office and caused diligent, but fruitless, search to be made there; that he had requested

that the same, if found, be forwarded to Coalgate by mail, and confidently expected to receive same in time to produce it at the trial, but had not received the original, and was unable to produce it, and therefore offered a true copy as the best available evidence at his command. Objection was made to the offer as not the best evidence, and sustained; the trial court holding that the showing was not sufficient to bring the offer within the rule admitting secondary evidence, that it did not appear that the original contract was lost, that it was merely misplaced and was not available entirely through the carelessness or negligence of the agents of the railroad company, and therefore it was not in a position to invoke the rule admitting copies or secondary evidence. We do not think that this was error. The Supreme Court of the United States says as to the rule admitting secondary evidence:

"If the original is lost, by accident, and no fault imputable to the party, it is sufficient." (*Renner v. Bank,* 9 Wheat. 581, 6 L. Ed. 169.)

In 17 Cyc. 518, the rule is stated:

"Where the writing containing or constituting the primary evidence of the fact to be proved is satisfactorily shown to have been lost or destroyed, without the fault of the party desiring to prove the fact, secondary evidence becomes admissible."

The weakness in the showing made to account for the absence of the original contract was its failure to show that the plaintiff in error was without fault. It appeared therefrom that the original was in its possession and under its control, and was not available at the time and place of the trial, owing to its carelessness and negligence wholly.

When the ruling was made sustaining the objection to the copy, the attorneys for the company then asked for a continuance on the ground of surprise. This application was denied. This ruling is also assigned as error. The application for a continuance was addressed to the sound discretion of the trial judge. While it seems to us that we would have been inclined to grant the application, if we had been in the place of the trial judge, still he was in a better position to pass upon the question than we are upon the record. We cannot, therefore, say that the denial of a continuance was an abuse of discretion.

Again, error is assigned that the court refused to instruct the jury on the law of independent contractor, an issue which, it is alleged, was raised by the pleadings and the evidence. The court did not cover this issue in any of its instructions to the jury and refused requested instructions concerning the issue. This issue was raised by the pleadings, but there was no competent testimony admitted during the trial that tended to support it, and for that reason it was not an issue for submission to the jury, and no instruction thereon was proper or permissible. The contract, which it is claimed would have proved the contention of the company on this issue, was excluded and not admitted in evidence. West testified that he was working for the Missouri, Oklahoma & Gulf Railway Company, that one Bill Roberts hired him, and that E. L. Webster issued the time checks to him, and the railroad company paid them. Roberts testified that he hired West, and that he himself was in the employment of Webster, and that West was under the control of himself and Webster, and nobody else had any power to direct or control his actions while at work; that Webster

paid him. Webster testified that he had a contract for the construction of the bridges on the Missouri, Oklahoma & Gulf Railway Company's lines; that his contract was under Hoffman & Co.; that he paid West by time checks; and that these checks were paid by Hoffman & Co. and charged to Webster's account. The testimony further shows that Hoffman & Co. were contractors under the William Kenefeck Company. What relation the William Kenefeck Company sustained to the railroad company does not appear. The William Kenefeck Company may have been the railroad company's *alter ego,* as contended in the argument on behalf of the defendant in error, and therefore liable for the negligence of the employees of E. L. Webster. The defense of independent contractor was made by the railroad company, and the law imposed upon it the burden of establishing this defense by competent evidence. This it failed to do. For this reason it was not error for the court to refuse to submit this issue to the jury.

We therefore recommend that the judgment appealed from be affirmed, and that the former opinion filed herein be withdrawn, and this one substituted therefor.

By the Court: It is so ordered.

### ON PETITION FOR REHEARING.

Opinion by DEVEREUX, C. The first ground argued in the petition for rehearing is the refusal of the court below to allow secondary evidence of the contract with William Kenefeck Company to be introduced.

Under the facts as set out in the original opinion, we are entirely satisfied that the opinion of this court was right upon this point, and cite as additional authorities in support of what is there decided: *Simpson v. Dall,* 3

Wall. 460, 18 L. Ed. 265; First Greenleaf on Ev. section 556; 2 Wigmore on Ev. p. 1407; *Richardson v. Fellner,* 9 Okla. 513, 60 Pac. 270; *Landon v. Morehead,* 34 Okla. 701, 126 Pac. 1027.

The second ground on which the plaintiff in error asks a rehearing is that the court below committed error in refusing to give any of the instrucions requested by the plaintiff in error on the doctrine of independent contractor. In addition to the reasons given in the original opinion, the answer sets out that the plaintiff in error had let the contract for building its line of railroad in the State of Oklahoma to the William Kenefeck Company, an independent contractor; that the William Kenefeck Company, as an independent contractor, hired its own men and contracted to and did deliver said railroad, fully completed and ready for operation, to the defendant herein; that E. L. Webster was a subcontractor employed by J. W. Hoffman & Co., and said J. W. Hoffman & Co. was a subcontractor employed by Wm. Kenefeck Company, to construct culverts and bridges for the said line of railroad; and that the injury complained of was occasioned, if at all, by the servants, agents, and employees of the said E. L. Webster, and not by the act of any agent, servant, or employee of the defendant.

There was an entire absence of proof that the Kenefeck Company were independent contractors, and under this pleading, evidence that some one else was an independent contractor was not admissible. The proof must always accord with the allegations of the pleading, and, under the allegations in the answer that the Kenefeck Company were independent contractors, defendant will not be allowed to prove that Webster was an independent contractor. The doctrine is not disputed that, if a rail-

road company or other person employs an independent contractor (with certain limitations not necessary to be here set out), the employer is not liable for the acts of such independent contractor, but the case at bar does not present this situation, because there is an entire absence of proof to support the allegations of the answer that the William Kenefeck Company was an independent contractor.

It is also complained in the petition for rehearing that the court erred in not granting a new trial, because, at the time the application for a new trial was presented, the contract with the Kenefeck Company had been received. The facts are as follows: On the very day of the trial the defendant was allowed, over the objection of the plaintiff, to file an answer setting up the defense of independent contractor, and at this time announced itself ready for trial with no reservations. If the defendant did not have the contract with the Kenefeck Company in its possession, something should have been said at the time the case was called for trial. It appears that this contract was in the possession of the defendant, because it was received immediately after the trial, and there is no evidence which excuses the defendant in not having this contract at the trial. To allow a new trial under these circumstances would be an injustice to both the plaintiff and the public. The defendant had announced itself ready for trial, after the indulgence of the court in allowing it to file its amended answer, which was done over the objection of the plaintiff. The case went to trial, without a word of notice to the court that the defendant was not ready for trial, consumed the time of the court, and after verdict, and after the plaintiff had been to the expense and trouble of a trial, the defendant asked a new

trial, because it had received evidence which was in its possession, and which it should have had at the time the trial was begun, or at least at the time at which it was required to introduce evidence.

Trials are serious things, and to allow a defendant to take the chance of getting his evidence in time, after announcing ready, and then to claim that it is prejudicial error, entitling him to a new trial, because his evidence does not arrive in time, would be, as above said, injustice to both the plaintiff, who has gone to the expense and trouble of summoning his witnesses and going through the trial, and to the public, the time of whose courts has been consumed in the litigation, which would be rendered useless if new trials are to be granted under such conditions.

The next assignment of error is that the demurrer to the evidence should have been sustained, because, taking the plaintiff's evidence, there is no actionable negligence shown. The facts, in brief, are that the plaintiff and one Robertson were engaged in hauling piles used in building a bridge of the railroad company. The evidence shows that these piles were from 25 to 60 feet long and from 12 to 20 inches in diameter; that they were in a pile where they had been unloaded and were near an excavation called a "borrow pit," and it was the duty of the plaintiff to haul them to a place where they were needed to go into the bridge. At the time the plaintiff was injured, he was directed to draw one of the piles in a southerly direction. At about the same time, but after the plaintiff had started to draw his pile, Robertson was drawing another pile in an easterly direction, which would take it across the course the plaintiff was going. It appears that these piles, as above set out, were near a

"borrow pit" some five feet deep, and the plaintiff testified that, after he had gotten his pile he was drawing to the proper place, he stooped down to unhitch his team, when Robertson's team, or the pile he was drawing, hit the end of the pile to which plaintiff's team was hitched, and knocked it off the bank into the "borrow pit," thus causing the injury.

We agree with the plaintiff in error that the fact of the accident alone does not raise a presumption of negligence as between master and servant. *C., R. I. & P. R. Co. v. Watson,* 36 Okla. 1, 127 Pac. 693; *Midland Valley R. Co. v. Conner,* 217 Fed. 956, 133 C. C. A. 628; *Patton v. Texas & Pacific Ry. Co.,* 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361; *Pittsburgh Coal Co. v. Myers,* 203 Fed. 221, 121 C. C. A. 427. In other words, the doctrine of *res ipsa loquitur* has no application as between master and servant. *Patton v. Texas & Pacific Ry. Co.,* 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361. But this rule has no application to the case at bar, because there was evidence of negligence independent of the injury. Reasonable minds might differ as to whether it was not Robertson's duty to have stopped his team until the plaintiff was in a place of safety, or, at least, to have taken some steps to prevent the pile which plaintiff was drawing from being hit and thrown down into the "borrow pit." From the plaintiff's evidence, to which the demurrer applies, it appears that Robertson drove his team across the pile to which plaintiff's team was attached, when this pile was on the bank of the "borrow pit," and drove his team in such a manner as to strike the pile to which plaintiff's team was attached, and thus the plaintiff was injured. Where reasonable minds may differ as to whether there was negligence or not, it is a question for the jury. *Pittman v. El*

*Reno, etc.,* 4 Okla. 638, 46 Pac. 495; *Neeley v. South-western Cotton Seed Oil Co.,* 13 Okla. 356, 75 Pac. 537, 64 L. R. A. 145; *M., K. & T. R. Co. v. Shepherd,* 20 Okla. 626, 95 Pac. 243; *Harris v. M., K. & T. R. Co.,* 24 Okla. 341, 103 Pac. 758, 24 L. R. A. (N. S.) 858; *St Louis & S. F. R. Co. v. Williams,* 31 Okla. 450, 122 Pac. 152; *Rock Island Coal Co. v. Davis,* 44 Okla. 412, 144 Pac. 600.

It appears that Robertson took no care or precaution whatever in the manner in which he drove his team to prevent the injury. It is not unreasonable to say that, when he saw his team approaching the pile which the plaintiff was drawing, it was his duty to stop until the plaintiff was in a place of safety, especially as the pile was near the "borrow pit," and could be easily thrown therein.

We have examined the other assignments of error, but they do not require any extended discussion.

We therefore recommend that the petition for rehearing be denied.

By the Court: It is so ordered.