LUSK et al. v. PHELPS.

No. 8740—Opinion Filed April 9, 1918.

Rehearing Denied Nov. 14, 1918.

(175 Pac. 756.)

(Syllabus.)

1. **Master and Servant—Inexperienced Fellow Servant—Master's Liability.**

Where deceased as a part of his duties was required in connection with other fellow servants to prepare and explode charges of dynamite, and where deceased and his fellow servants were inexperienced in the performance of such duties, of which lack of experience due notice had been given to the master, who promised to furnish an experienced man to do the work as soon as possible, and requested deceased to continue to perform such duties, and deceased, relying upon the promise of the master, continued to perform such duties for a reasonable length of time thereafter, and while so doing is killed as the result of the lack of experi-

ence of a fellow servant, the master is liable therefor, unless deceased assumed the risk incident to the master's failure to furnish an experienced servant to perform such dangerous duties.

**2. Appeal and Error—Discretion of Trial Court — Opinion Evidence — Qualification of Witness.**

When opinion evidence is offered, the question whether witness offered has been shown to possess sufficient qualifications to express an opinion is addressed very largely to the discretion of the trial court, and its ruling that the witness is sufficiently qualified will not ordinarily be disturbed, unless it clearly appears that this discretion has been abused.

**3. Evidence—Injury to Servant—Hearsay.**

Testimony of witnesses to a conversation between deceased and the foreman of defendants, in which deceased told the foreman that he and his fellow servants were inexperienced in the handling of dynamite, and in which the foreman promised to furnish a competent man for the work as soon as possible, was properly admitted.

**4. Evidence — Intention — Hearsay Evidence — Support of Parents.**

Testimony as to statements made by deceased of his intention to contribute to the support of his parents in the future held competent.

**5. Master and Servant—Trial—Requested Instruction—Assumption of Risk.**

Instructions given and requests refused examined, and held, that the instructions given correctly state the law of the case, and that the request were properly refused.

**6. Pleading—Amendment—Statute.**

There was no error in permitting plaintiff to amend his petition by striking therefrom the allegation that deceased was engaged in interstate commerce at the time of the injury, which resulted in his death and reducing the amount of damages claimed to $2,999.

**7. Appeal and Error—Discretion of Trial Court—Ruling on Motion for Continuance.**

A motion for a continuance is addressed largely to the discretion of the trial court, and in the absence of a showing that this discretion has been abused, the ruling of the trial court thereon will not be disturbed.

**8. Death—Action for Wrongful Death—Measure of Damages.**

The measure of damages in an action by a parent for the wrongful killing of a child is compensatory only, and when there is evidence showing the dependent condition of the parent, and the disposition of the child in relation to the parent, and a reasonable expectation that he would continue to contribute to the support of the parent, the proper measure of damages is that amount which will compensate the parent for the loss sustained by the death of the child.

Sharp, C. J. dissenting.

Error from District Court, Johnston County; J. H. Linebaugh, Judge.

Action by W. H. Phelps, administrator of the estate of Needham Phelps, deceased, against James W. Lusk and others, receivers of the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, motion for new trial overruled, and defendants bring error. Affirmed.

W. F. Evans, R. A. Kleinschmidt, and E. H. Foster, for plaintiff in error.

W. F. Semple, for defendant in error.

HARDY, J. W. H. Phelps, administrator of the estate of Needham Phelps, deceased, commenced this action against James W. Lusk et al., receivers of the St. Louis & San Francisco Railroad Company, to recover damages for the death of Needham Phelps, alleged to have been caused by the negligence of defendants. Defendants filed petition for removal to the federal court, which was sustained and the cause removed. Thereafter the cause was remanded to the court in which it was commenced for the reason that the petition alleged that at the time of his death deceased was engaged in interstate commerce. The answer was a general denial, coupled with the pleas of contributory negligence and assumption of risk.

The evidence disclosed that deceased was not engaged in interstate commerce at the time of his death, whereupon plaintiff was permitted to amend his petition, so as to strike out the allegation to that effect, and to reduce the amount of damages claimed to $2,999 to which exceptions were saved by defendants. Trial resulted in a verdict in plaintiff's favor for $2,999, and upon motion for new trial being overruled, defendants bring error.

Various acts of negligence were alleged, but the ground principally relied upon to sustain the verdict and judgment is that defendants were negligent in failing to furnish deceased with reasonably competent and skillful fellow servants. Demurrer to plaintiff's evidence was overruled, and request for peremptory instructions in favor of defendant denied. In this there was no error.

Deceased was 34 years of age, a single man, and left him surviving both parents, to the support of whom he contributed more or less. At the time of his death, which was caused by an explosion of dynamite, he was engaged in the service of defendant at

gravel pit near Mill Creek. The duties performed by him consisted principally of running a drill, and with other employes of defendant in preparing and exploding charges of dynamite with which the blasting was done. There was evidence to show that deceased and his fellow servants were inexperienced in the handling of dynamite, and that three or four days prior to the explosion deceased had complained to defendant's foreman of the lack of experience, and that said foreman had promised to furnish an experienced man to perform this particular kind of work as soon as one could be obtained, and requested deceased and one Myers, a fellow servant, to do the best they could until an experienced person was found.

It was the theory of plaintiff that the explosion was caused by the lack of knowledge and experience possessed by Woody Myers, a fellow servant, through whose negligence the explosion was alleged to have occurred. Defendant's theory was that deceased represented himself as an experienced man in this character of work, and that Myers, his fellow servant, was competent and experienced, and that the explosion was caused by the carelessness and negligence of deceased. The evidence as to the manner of the happening of the accident was purely circumstantial, and the question was submitted to the jury whether the explosion was caused by the negligence of defendant, as alleged, or was caused by deceased's own negligence, and upon this issue the jury found for the plaintiff.

Dynamite is generally known to be a highly explosive substance, in the proper handling of which great care is required, and when it was shown that deceased and his fellow servants who were engaged in the work of exploding same were unskilled and inexperienced in the work required of them, and that notice of such lack of experience was expressly given to the defendants, and that an explosion occurred within a short time thereafter, resulting in the death of deceased, the jury were warranted in finding that such explosion was caused by the unskilled manner of handling the dynamite by defendants' employes; and there being no direct testimony as to who was working with the dynamite at the time of the explosion, it was for the jury to say whether deceased or one of his fellow servants was at the time engaged in this particular duty.

Negligence, like any other fact, may be found from circumstantial evidence when the facts and circumstances proven are sufficient to warrant a reasonable inference of the negligence alleged. Coalgate Company

v. Hurst, 25 Okla. 588, 107 Pac. 657; C., R. I. & P. Ry. Co. v. Ashlock, 36 Okla. 706, 129 Pac. 726; Dewey Portland Cement Co. v. Blunt, 38 Okla. 182, 132 Pac. 659; St. L. & S. F. Ry. Co. v. Darnell, 42 Okla. 394, 141 Pac. 785; Great Western Coal & Coke Co. v. Coffman, 43 Okla. 404, 143 Pac. 30; Great Western Coal & Coke Co. v. Cunningham, 43 Okla. 422, 143 Pac. 26. And so may also the question of proximate cause. St. L. & S. F. Ry. Co. v. Darnell, supra.

It was the duty of defendants when using dynamite in the prosecution of their business to exercise such reasonable supervision over the management and use thereof as would result in the observance of the utmost care on the part of defendants' employes using such instrumentality for the safety of others, and having intrusted such dangerous agency and instrumentality to their servants they cannot shift this responsibility with reference to the custody and use thereof to the servants, and thus escape liability, for no one has a right to put in operation forces calculated to endanger human life and property without placing them under control of a competent and ever active superintending intelligence, and whether he undertakes the use himself, or delegates the use thereof to another, the obligation abides with him to use a degree of care commensurate with the dangerous character of the agency or instrumentality, and a failure to discharge this duty in either case imposes the corresponding liability of making reparation for any injury that may ensue as a result thereof. Barmore v. Vicksburg, S. & R. Co., 85 Miss. 426, 98 South. 210, 70 L. R. A. 627, 3 Ann. Cas. 594; Rush v. Spokane Falls & N. R. Co., 23 Wash. 501, 63 Pac. 500; Railway Co. v. Shields, 47 Ohio St. 387, 24 N. E. 658; Tissue v. Railroad Co., 112 Pa. 91, 3 Atl. 667, 56 Am. Rep. 310; Merchel v. L. & N. R. Co., 85 S. W. 710, 27 Ky. Law Rep. 465; Carter v. Towne, 98 Mass. 567, 96 Am. Dec. 682; Cleveland, C. & C. R. Co. v. Keary, 3 Ohio St. 201. And this rule obtains when the injured person was engaged in the service of a master in the same common employment with the person who put the forces in operation where the injury resulted from the negligence and carelessness of that other employe. Rush v. Spokane Falls & N. R. Co., supra; Cleveland, C. & C. R. Co. v. Keary, supra; Asbestos and Asbester Co. v. Durand, 3 Can. S. C. 285.

Defendants were receivers of and engaged in the operation of the St. Louis & San Francisco Railway Company, and the common-law doctrine of the fellow servant so far as it affects the liability of the master

for injuries to his servants resulting from the acts or omissions of any other servant or servants of common master does not apply. Article 9, § 36, Const. (254, Williams' Ann.); C., R. I. & P. Ry. Co. v. Dennis, 44 Okla. 258, 144 Pac. 368; G., C. & S. F. R. Co. v. Taylor, 37 Okla. 99, 130 Pac. 574.

It was the duty of defendants when intrusting the use of dangerous agencies and instrumentalities to servants to see that the servants employed by them possessed such qualifications mentally, morally, and physically as would enable them to perform their duties with that degree of skill and experience required by the nature of the employment and without exposing themselves and their coemployes to a greater danger than the work necessarily entailed in the due and careful prosecution thereof, and for a failure upon their part to use ordinary care when selecting servants to whom the use of such dangerous agencies and instrumentalities was intrusted to see that such servants possessed the requisite qualifications, they would be liable for any injuries that might result as a proximate result of such negligence. Neeley v. Southwestern Cotton Oil Co., 13 Okla. 356, 75 Pac. 537, 64 L. R. A. 145; Choctaw Electric Co. v. Clark, 28 Okla. 403, 114 Pac. 730; Dewey Portland Cement Co. v. Blunt, 38 Okla. 132 Pac. 650; C., R. I. & P. Ry. Co. v. Duran, 38 Okla. 719, 134 Pac. 876; 3 Labatt, Master and Servant, § 1079 et seq.; note to Smith v. St. L. & S. F. Ry. Co., 48 L. R. A. 368.

If, after a servant has been employed, it appears that he is unfitted for his duties, whether by reason of want of skill or other reasons, and this fact is actually or constructively made known to the master, then it is negligence to retain him in the performance of those duties for which he is unfitted. 3 Labatt, Master and Servant, § 1079. And where such unfitness and want of skill is brought to the attention of the master by a fellow servant, and the master promises to procure a competent and suitable servant for the performance of such duties, and requests the servant making the complaint to continue in his employment until this can be done, the servant has a right to rely upon the promise of the master, and remain in the employment a reasonable length of time, and if while acting in reliance upon the promise of the master and within a reasonable time from such promise is injured by the want of skill and unfitness of his fellow servant of whom complaint has been made to the master, the master would be liable for the injuries occasioned thereby, unless it be found that the servant assumed the risk arising therefrom. L. & N. R. R.

Co. v. Wyatt, Adm'r, 93 S. W. 601, 29 Ky. Law Rep. 441; Poirier v. Carroll, 35 La. Ann. 699; Hough v. Texas & Pacific R. Co., 100 U. S. 213, 25 L. Ed. 612; Delmore v. Kansas City Hardwood Flooring Co., 90 Kan. 29, 133 Pac. 151 47 L. R. A. (N. S.) 1220; Williams v. Kimberly & Clark Co., 131 Wis. 303, 111 N. W. 481, 10 L. R. A. (N. S.) 1043, 120 Am. St. Rep. 1049, 11 Ann. Cas. 622.

In Stewart v. New York O. & W. R. Co., 8 N. Y. Supp. 19, deceased was killed by an explosion of dynamite cartridges which had frozen and were being thawed. The man who had charge of the thawing of the cartridges had never heard that cartridges exploded with heat, and had never received an instruction as to the method of handling dynamite. One of the servants, who was alone at the fire when the accident happened, knew nothing about dynamite until a day or two before when he had been told not to drop the cartridges in the fire. Defendant's agents who directed the thawing of the cartridges told the men to be careful, but gave them no instructions. The work of thawing the cartridges was held to be the work of the master, and the evidence was held to be sufficient to warrant a finding that through the negligence of the agent in charge of the work there was not that reasonable care which defendant owed to the servants. In Sword v. Cameron et al., 1 Dunlop, B. & M. 493, the plaintiff was employed with others blasting a quarry The circumstances surrounding the operation of blasting was such as to warrant the conclusion that the work was conducted without due precaution, and the lessees were held liable in damages to a servant for a severe bodily injury occasioned thereby to him.

Certain witnesses were permitted to testify that they had observed deceased and his fellow servants handling dynamite about the gravel pit, and that in their opinion these persons were inexperienced in the use thereof. The admission of this evidence is urged as error on the theory that the persons testifying where not themselves shown to be of such skill and experience in the use of dynamite as would warrant the court in permitting them to express an opinion as to the competency of deceased and his fellow servants in the use thereof. This objection was addressed largely to the sound judicial discretion of the trial court, and when in the opinion of the trial court a witness offered as an expert is shown to possess sufficient qualification to express an opinion, its ruling that the witness has sufficiently qualified will not ordinarily be disturbed, unless it clearly appears that the court committed an abuse of discretion

in admitting such testimony. Wichita Falls & N. W. Ry. Co. v. Harvey, 44 Okla. 321, 144 Pac. 581; A., T. & S. F. Ry. Co. v. Baker. 37 Okla. 48, 130 Pac. 577. There was sufficient showing to justify the admission of the evidence complained of.

The testimony of witness as to a conversation between deceased and the foreman of defendants in which deceased told said foreman that he and his fellow servants were inexperienced in the handling of dynamite and requested that a competent man be furnished for this work, and in which the foreman promised to furnish such a person as soon as possible. was competent for the purpose of showing notice to defendants of the inexperience of deceased and his fellow servants, and in that way had a bearing upon whether defendants were negligent in retaining said fellow servants in their employment after notice of their lack of experience in the particular duties which they were required to perform. San Bois Coal Co. v. Janeway, 22 Okla. 425, 99 Pac. 153. Had the accident not proved fatal, and Phelps had brought an action in person, no doubt is expressed of the competency of testimony by him concerning the conversation had with the foreman, and in the event an issue of fact had been made as to whether such notice had been imparted, that fact could have been further proven by others who heard the conversation, but because the accident resulted fatally it is said that the evidence is hearsay, and therefore inadmissible. Such evidence has frequently been admitted and considered by the courts where the accident resulted fatally and the action was between the personal representatives of deceased and the defendant whose negligence was alleged to have caused the death, and has not been considered objectionable under the hearsay rule. Hough v. Texas & Pac. R. Co., 100 U. S. 213. 25 L. Ed. 612; L. & N. R. Co. v. Wyatt. Adm'r, 93 S. W. 601, 29 Ky. Law Rep. 441; Poirier v. Carroll, 35 La. Ann. 699; Ewing v. Lanark Fuel Co., 65 W. Va. 726, 65 S. E. 200, 29 L. R. A. (N. S.) 487.

So the testimony of Quaid that deceased had stated as quick as he made his stake he was going back home and take care of the folks, and the testimony of J. F. Phelps that deceased had written him of his intention to return home and stay with his parents as long as he lived, comes within a well-defined exception to the hearsay rule. The intention of deceased in this regard was a material fact at issue, and being dead the evidence offered was competent to show his intentions, and also to show the reasonable expectation of his parents based upon such intention of returning and supporting them. This rule is most often applied in criminal cases or in insurance litigation, where the intention of deceased is material, but the extent and application of the rule is not limited to that class of cases. Mutual Life Ins. Co. v. Hillmon. 145 U. S. 285. 12 Sup. Ct. 99, 36 L. Ed. 706; 1 R. C. L. 491; 3 Wigmore on Evidence, § 1725; 4 Chamberlayne, Mod. Law of Evidence. § 2654 et seq.

Defendants requested separate instructions that there was no evidence to support the various allegations of negligence in plaintiff's petition. for the purpose of eliminating from the consideration of the jury those charges as to which defendants contend there was a total failure of proof. No exceptions were reserved to the instruction given by the court, the fair effect of which placed the burden upon plaintiff to establish all the material allegations of his petition by a preponderance of the evidence, thereby placing upon him a greater burden than the law requires or the record warranted. and the error, if any, was in defendants' favor and prejudicial to plaintiff.

The instructions given not having been excepted to. we will assume that they stated correct principles of law applicable to the issues made by the pleadings, and unless prejudicial to the rights of defendants, the cause ought not to be reversed. C., R. I. & P. Ry. Co. v. Townes, 43 Okla. 568, 143 Pac. 610; Producers' Oil Co. v. Eaton, 44 Okla. 53, 143 Pac. 9; Chickasaw Compress Co. v. Bow. 47 Okla. 576, 149 Pac. 1168; Brownell v. Moorhead, 65 Okla. 218, 165 Pac. 408.

Upon an examination of the record, we find sufficient evidence reasonably tending to support the verdict of the jury, and the defendants having offered no evidence, and there being no conflict therein as to any material fact, and the instructions given stating the law correctly, we will not indulge the presumption that the jury found in plaintiff's favor on an allegation not sustained by evidence. but rather will apply the presumption which the law raises in favor of the regularity of the proceeding below and the correctness of the verdict and the judgment rendered.

Defendants' requested instruction No. 6 should not have been given. The defense of assumption of risk under the Constitution is a question of fact for the jury. and the court would have committed error had he instructed the jury as requested. The principle embodied in defendants' requested instruction No. 10 was fairly covered in instructions given, and there was no error in refusing same.

The petition for removal and bond filed by defendants was properly excluded. The question whether the action was removable was not a question that the jury were required to consider in any respect. No authorities are cited in support of this assignment. and we dismiss the same as being without merit.

There was no error in permitting plaintiff to amend his petition by striking out the allegation that deceased was engaged in interstate commerce at the time of his death, and by reducing the amount of damages claimed to $2,999. Our statute on the subject of amendments is very liberal, and permits the court at any time in furtherance of justice and on such terms as may be proper to order the amendment of any pleadings or proceedings by adding or striking out the name of a party, or by correcting a mistake in the name of a party. or mistake in any other respect, or by inserting any other allegations material to the case, or when the amendment does not change substantially the claim or defense by conforming to the pleadings or proceedings to the facts proved. Rev. Laws 1910, § 4790; Midland Valley R. Co. v. Ennis, 109 Ark. 206, 159 S. W. 214; Jones v. Chesapeake & O. R. Co., 149 Ky. 566, 149 S. W. 951; Bankson v. Illinois C. R. Co. (D. C.) 196 Fed. 171; Wabash R. Co. v. Hayes 234 U. S. 86, 34 Sup. Ct. 729, 58 L. Ed. 1226.

The plaintiff asserted only one right to recover for the death of deceased. and whethed it arose under the federal act or under the state law it was equally cognizable in the state court. Had the injury occurred in interstate commerce as alleged, the federal act would have been controlling, and a recovery could not have been had under the laws of the state. On the other hand, if, as the evidence showed. the injury occurred outside of interstate commerce, the federal act was without application, and the state law was controlling. The allegations in either event were the same, with the exception of the allegation stricken by the amendment, and in permitting the amendment to be made the court merely gave effect to the rule announced in the above statute, which was not in any wise in contravention of the federal act. Wabash Ry. Co. v. Hayes, supra. When the amendment was permitted, objection was made thereto, not upon the ground that the action would be removable to the federal court if the amendment was made. but on the ground that defendants had prepared their defense on the theory presented in the petition; that is, as to whether deceased was engaged in interstate commerce. "was based on the failure of plaintiff to prove a cause of action arising under the federal Employers' Liability Act, and that defendant has been deprived of the right to try said cause under any other allegation or law." No application for removal was made after the amendment, nor was the court requested to transfer the case to the federal court on the petition and bond already filed. Neither was any effort made to remove the case by filing a transcript of the record in the federal court.

After the amendment motion for a continuance was presented on the ground that defendants were taken by surprise, and could not safely go to trial under the petition as amended. In support of the motion affidavit of E. H. Foster, Esq., one of the attorneys for the defendants, was filed, in which it was stated that the defense was prepared to meet the allegations of the liability of defendants under the Employers' Liability Act, both as to law and facts, and that the defense was conducted with the view of controverting this allegation. It was further alleged in said affidavit that the defense of said suit was wholly different under the state law from what it would be under the federal Employers' Liability Act, and that material witnesses which could have been secured for the purpose of developing a defense under the state law were not present at the trial under the apprehension that said cause was to be tried under the federal statute.

It is not pointed out in the application for continuance, nor in the briefs of counsel, wherein the cause of action under the state law was materially different from what it would be under the federal act, nor is any showing made wherein the defense would be different. Neither are the names of witnesses nor the testimony which they would give upon a trial of the case set out, nor any reasonable probability shown that their testimony could be procured if a continuance be had. An application for a continuance is addressed to the sound discretion of the trial court, and it not being made to appear that an abuse of discretion was committed, the action of the court in denying the continuance will be sustained. Elliott v. Coggswell, 56 Okla. 239, 155 Pac. 1146; M., O. & G. R. Co. v. West, 50 Okla. 521, 151 Pac. 212; Walton v. Kennamer, 39 Okla. 629. 136 Pac. 584; Kelley et al. v. Wood, 32 Okla. 104, 120 Pac. 1110; McCann v. McCann et al., 24 Okla. 264, 103 Pac. 694.

The measure of damages in an action by the parent for the wrongful killing of his child is compensatory only, and where, as here, there is evidence which shows the de-

pendent condition of his parents, and the disposition of the child in relation to them, and a reasonable expectation that he would continue to contribute to their support, the proper measure of damages is that amount which will compensate the parents for the loss sustained by them in the death of the child. Shawnee Gas & Electric Co. v. Motesenbocker, 41 Okla. 462, 138 Pac. 790; Muskogee Electric Traction Co. v. Hairel et al. 46 Okla. 409, 148 Pac. 1005.

Affirmed. All the Justices concur, except RAINEY, J., disqualified, and not participating, and—

SHARP, C. J. (dissenting). I am unable to concur in the court's opinion. Conceding that Myers, the fellow servant, was inexperienced in the use of explosives, it does not follow, and we may not infer that the accident causing the death of Phelps was in any way attributable to Myers' inexperience or incompetency. As I read the record, there was no testimony, either direct or circumstantial, that Myers was responsible for the explosion, or that his acts in any way contributed thereto. Both Myers and Phelps were killed in the explosion. Whether Phelps was killed as the result of his own or of Myers' negligence, or Myers as the result of Phelps' negligence, is, upon the record, purely a matter of speculation and conjecture. The opinion recognizes that there was no direct evidence of the accident, but says there were circumstances sufficient to justify the submission of the case to the jury. With this view I take issue, as I do not consider the fact of the inexperience of the employes, together with the accident, proof of such facts or circumstances as would warrant the inference that Phelps' death resulted by reason of the negligence of Myers, as charged. To enable an employe to recover of his employer for injuries sustained through the instrumentality of a fellow servant, it is insufficient to show that the fellow servant was incompetent, and that the master was guilty of negligence in employing him. It must also appear that the fellow servant was guilty of some act of negligence or unskillfulness directly contributory to the injury. Bailey on Master's Liability, p. 7; Kersey v. Railroad Co., 79 Mo. 362; Johnston v. Railroad Co., 114 Pa. 443, 7 Atl. 184; Gulf, Colorado & Santa Fe Ry. Co. v. Schwabbe, 1 Tex. Civ. App. 573, 21 S. W. 706; Fuller v. Margaret Mining Co., 64 W. Va. 437, 63 S. E. 206; Snodgrass v. Carnegie Steel Co., 173 Pa. 228, 33 Atl. 1104.

I concur fully in the rule announced that negligence and proximate cause, being questions of fact, may be established by circumstantial evidence, but differ as to the application of the rule to the uncontroverted facts. The burden of proof being on the plaintiff, and it not being contended that the nature of the accident raised a presumption of negligence, there could properly be no recovery without evidence tending to show that the company's negligence caused the intestate's death. According to the evidence, Phelps' death was the result of an unaccountable accident, and in such circumstances the verdict should not be allowed to stand.