### TANKERSLEY v. FERRIN, Adm'x.

No. 15511—Opinion Filed July 14, 1925.

(Syllabus.)

1. **Master and Servant—Duty of Care Owed Servant—Explosives.**

In the employment of inherently dangerous agencies such as dynamite or other explosives, it is the duty of the master to exercise a degree of care for the safety of his employes commensurate with the danger reasonably to be anticipated, and this is especially applicable to the method of operation deliberately adopted by him or his representative. The master is liable if the

injury to the servant is the result of a defective system not adequately protecting the workmen at the time of the explosion.

**2. Appeal and Error—Discretion of Trial Court—Qualification of Experts.**

The amount of knowledge which a witness must possess before a party is entitled to his opinion as an expert is a matter which must be left largely to the discretion of the trial court, and its ruling thereon will not be disturbed on appeal unless clearly erroneous.

**3. Master and Servant—Negligent Use of Explosives—Jury Question.**

Where the evidence shows that the defendant directed four employes to light the fuse of 32 shots of dynamite located about five feet apart, and in four rows about the same distance apart, and that the fuse to each shot was four feet long and made so as to burn one foot per minute, and where there is conflicting evidence as to whether the firing of that number of shots by that method is negligence, it is proper to submit the question to the jury.

**4. Same—Contributory Negligence and Assumption of Risk.**

Under article 23, sec. 6 of the Constitution of Oklahoma, the defense of contributory negligence and assumption of risk is always a question of fact for the jury and its finding is conclusive.

**5. Trial—Instructions on Issues Unsupported by Evidence.**

Although issues formed by the pleadings but not supported by any evidence should not be included in the statement of the issues given by the trial court in his instructions, yet to do so does not constitute reversible error where it appears that a specific instruction was given advising the jury to disregard such issues because there was no evidence to support them.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Leona Ferrin, as administratrix of the estate of James Ferrin, deceased, against Dan Tankersley. Judgment for plaintiff, and defendant brings error. Affirmed.

A. F Moss, L. G. Owen, and J. C. Farmer, for plaintiff in error.

Streeter Speakman and W. F. Speakman, for defendant in error.

MASON. J. Leona Ferrin, administratrix of the estate of James Ferrin, deceased, commenced this action in the district court of Creek county against Dan Tankersley to recover damages for the alleged wrongful death of her husband, James Ferrin, who, at the time of the injury complained of, which brought about his death, was in the employ of the defendant.. The answer was a general denial, coupled with the plea of contributory negligence and assumption of risk. The trial resulted in a verdict for plaintiff in the sum of $3,500, and upon motion for new trial being overruled, defendant brings error.

The evidence in the case discloses the following facts: The defendant was engaged in the business of constructing highways and had a contract with the proper officials of Creek county to build certain roads near the town of Shamrock in said county, in which work he employed several men. In grading and preparing a portion of said road, quantities of dynamite were used, and on December 3, 1922, the date of said accident, some 32 holes had been drilled in which charges of dynamite had been prepared which were fired or discharged by said employes. The deceased was one of the four men who fired these 32 shots, which were in four rows of seven holes to the row with four scattered holes at the southwest end of the rows. The rows started at the northeast and extended southwest, being almost in an east and west line. Each shot was connected with a fuse, four feet long made so as to burn one foot per minute, which extended to the surface of the ground, where each was lighted individually by employes with the aid of a burning coal or piece of burning fuse. The four men started firing at the east end and worked west; the holes being about five feet apart and the rows about the same distance apart. After they had completed lighting the fuse which set off the dynamite, all sought cover so as to be safe from the explosions. About this time, a shot at the east end of the rows exploded, which knocked the deceased down among the other shots, which exploded almost immediately, and before he had time to reach a place of safety, and inflicted injuries which brought about his death. The evidence discloses that the men ran in different directions. There is a conflict, however, as to which way the deceased ran after lighting the last fuse at the west end of the rows. There is some evidence that he first ran west from the holes, and some that he attempted to run in an easterly direction back across the holes.

The negligence charged by the plaintiff is that ordinary and reasonable safety in the shooting of this number of shots would require the use of an electric battery and that attempting to shoot this amount of dynamite without the use of an electric battery was extremely dangerous to the per-

sons attempting to explode the same; that the defendant negligently and carelessly failed and refused to furnish such battery, and therefore failed to furnish the deceased with a reasonably safe place in which to work. It is also charged that by reason of the fact that no electric battery was provided for the purpose of exploding said dynamite an extremely large number of charges of dynamite was attempted to be exploded at one time. The evidence also disclosed that the deceased was a young man 20 years of age and not experienced in the use of dynamite, and that those who were directed by the defendant to assist him were inexperienced in the use or handling and shooting of dynamite. It is also charged by the plaintiff that the defendant was careless and negligent in ordering and directing the deceased on account of his age and inexperience and those assisting him to perform the duty of shooting and exploding the dynamite as above described.

For reversal it is first contended that there is no evidence of negligence on the part of the defendant. The evidence discloses that there are two methods of firing dynamite after it has been properly placed in the bottom of the hole and is ready to be shot. Under one method (the one used in the instant case) known as the fuse method, it is necessary for some person by the aid of a match or fire to light the end of the fuse which extends above the surface of the ground immediately over and connected with the dynamite. Under the other method, a small wire is connected with any number of shots and an electric battery located a safe distance away. All shots are exploded simultaneously by electricity when the operater at the battery throws the switch. No contention is made but what the latter method is much the safer, but counsel for plaintiff in error urge that in the selection of tools and method of work the employed has some discretion. In support of this contention he cites Phoenix Printing Co. v. Durham, 32 Okla. 577, 122 Pac. 708. That case holds that a master has some discretion concerning the kind of printing machinery which he will use and that he may use an old pattern or a new as he pleases, provided that which he uses is sound and performs the work which it was designed to do. It also holds that mere proof that he is using machinery of a certain kind and that an accident happened in the use of it does not tend to show negligence. Counsel also cite Labatt's Master and Servant (2nd Ed.) vol. 3, par. 931, which states as follows:

"From the above stated conception of the extent of the master's obligations is drawn the very important practical deduction, constantly reiterated and applied, that he cannot be charged with a breach of the duties owed to his servants, simply on the ground that a safer method or a safer instrumentality than that from which the injury resulted was available and might have been adopted by him. In other words, the question whether the particular machinery provided by a master is proper and suitable is to be determined by its actual condition and not by comparing it with other machinery. Or, as the doctrine may also be expressed in more general terms, evidence which merely tends to show that the particular accident which caused the injury might not have happened if a particular precaution had been taken goes for nothing, in considering the question of legal liability on a charge of negligence."

We find no fault with the rule above contended for, but fail to see where it is applicable to the case at bar. The question here presented is not as to which was the better method, but was the defendant guilty of negligence in directing the four men to fire, by the fuse method, the 32 holes under the circumstances disclosed by the evidence herein. In the case of Oklahoma Portland Cement Co. v. Dow, 98 Okla. 44, 224 Pac. 168, this court quotes with approval from 11 R. C. L. 691, as follows:

"In the employment of inherently dangerous agencies, such as powder or other explosives, it is the duty of the master to exercise a degree of care for the safety of the servant commensurate with the danger reasonably to be anticipated. This rule is especially applicable to the plan or method of operation deliberately adopted by the master or his representatives. The master is liable if the injury to the servant is the result of a defective system not adequately protecting the workmen at the time of the explosion; and the jury must determine whether or not a master is negligent in setting off blasts."

See, also, 1 Labatt Master and Servant, par. 16.

It is not holding an employer to an unreasonable duty to require him to take all reasonable care to reduce to a minimum the hazard of an inherently hazardous employment. Any extra hazard not necessary to the practical performance of the work, which must be anticipated, and, by the exercise of reasonable care on the master's part avoided, it is the master's duty, by the exercise of such care, to eliminate. This is especially true as applied to the plan or method of operation deliberately adopted by the master or his representative. When that plan is inherently de-

fective and unnecessarily dangerous, its adoption is negligence entailing a liability upon the master for resulting injuries.

It is not the contention of the plaintiff that the accident in the case at bar was caused by a mere oversight or negligent act appertaining to a mere detail, but it is contended that it followed as a natural and necessary consequence of a defective plan and method of operation directed by the foreman, and being carried out in his immediate presence and under his personal direction and supervision. The plan or method of operation was a matter to be chosen and determined upon by the master or his representative, and if it was inherently defective or unnecessarily dangerous, the responsibility for any injuries occasioned thereby must be laid at his door. It was the duty of the defendant in doing this work, which was known to be dangerous and attendant with many risks, to do it in such a manner as to reduce the danger to a minimum and not increase it by careless and negligent methods of operation.

No contention is made that the use of the fuse method would be careless and negligent in firing one charge of dynamite, but the alleged negligence is based upon the firing of such large number of charges by this method. It is obvious that the firing of one or even several charges by the fuse method might not be unreasonably dangerous, while the firing of a large number in the same vicinity might be extremely dangerous. The number that would constitute sufficient danger as to make such act negligence on the part of the defendant would be a question of fact for the jury under all the facts and surrounding circumstances.

One witness for the plaintiff, who had twelve years' experience in shooting powder and dynamite, testified that one man should not fire more than five shots by the fuse method. Another witness, who had 23 years' experience in shooting powder and dynamite, testified that one man should not fire more than four shots by the fuse method, unless they were deep shots. He also testified that by "deep shots" he meant those deeper than eight feet. The record herein disclosed that all the shots in the instant case were four feet deep.

The admission of the evidence of these witnesses is urged as error on the theory that they were not shown to be of such skill and experience in the use of dynamite as would warrant the court in permitting them to express an opinion. This is based upon that portion of their testimony to the effect that they had had no experience for several years immediately prior to the time of the trial. This objection was addressed largely to the sound judicial discretion of the trial court. The amount of knowledge which a witness must possess before a party is entitled to his opinion as an expert is a matter which must be left largely to the discretion of the trial court, and its ruling thereon will not be disturbed on appeal unless clearly erroneous. Wichita Falls & N. W. Ry. v. Harvey, 44 Okla. 321, 144 Pac. 581; A., T. & S. F. Ry. v. Baker, 37 Okla. 48, 130 Pac. 577. The record disclosed that there was sufficient showing to justify the admission of the evidence complained of.

The defendant produced some testimony that a person could fire more charges of dynamite than were fired by each person in the case at bar with reasonable safety.

The question as to whether the defendant was guilty of negligence in directing and requiring the deceased, together with three other men, to fire the 32 shots by the fuse method was, under the facts and circumstances, one for the jury. The jury having found for the plaintiff, and there being evidence reasonably tending to support such verdict, the same, under the well-established rule of this court, will not be disturbed on appeal.

Plaintiff in error next contends that the proximate cause of the accident was the act of the deceased, for which the defendant was not responsible. The trial court submitted both the question of contributory negligence and the assumption of risk to the jury under proper instructions, and the jury found for the plaintiff. We, therefore, see no merit in such contention. Article 23, section 6, of the Constitution of Oklahoma requires that the defense of contributory negligence and assumption of risk be left to the jury, and provides that the finding of the jury upon these defenses is conclusive.

It is next urged that the trial court in his instructions to the jury erred in his statement of the issues in the case. This court is committed to the rule that it is proper practice for the trial court to give an instruction to the jury setting forth the issues to be decided by the jury. Chicago, R. I. & P. Ry. Co. v. Bentley, 43 Okla. 469, 143 Pac. 179; Klein v. Muhlhausen, 83 Okla. 21, 200 Pac. 436.

Plaintiff's cause of action, as set forth in her petition, was based on several acts of negligence, but no proof was introduced in support of two of them, and the court gave a specific instruction advising the jury not to consider such alleged acts of negligence.

However, in the statement of the issues, the court set out the issues, as formed by the pleadings, which included said acts of negligence of which there was no proof. Counsel for plaintiff in error contend that this was erroneous and misleading. We must admit that the statement was erroneous, but in view of the specific instruction given by the court, we fail to see where the jury could be misled thereby or the defendant prejudiced.

It is next urged that the trial court erred in giving instruction No. 11, which defined the duty of the defendant to supervise the handling of the dynamite. Such instruction was approved by this court in the case of Lusk v. Phelps, 71 Okla. 150, 175 Pac. 756, wherein issues were the same as in the case at bar. Said instruction is in complete accord with the views expressed in considering the first assignment of error herein. We think the instruction was proper and the giving of the same was not error.

No argument is made in the brief of the plaintiff in error in support of the other assignments of error, and for that reason they will be treated as having been waived.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 26 Cyc. pp. 1112, 1152; anno. 54 L. R. A. 88; 10 L. R. A. (N. S.) 377; 11 R. C. L. 691. (2) 4 C. J. p. 814, § 2785. (3) 26 Cyc. p. 1471. (4) 26 Cyc. pp. 1478, 1482; 14 R. C. L. 747, 4 R. C. L. Supp. 916. (5) 38 Cyc. pp. 1617, 1787.